[No. 17544. Department Two. April 30, 1923.]

Walter M. Drabe, *Appellant*, v. Dorothy L. Drabe, *Respondent*.[1]

Divorce (62)—Temporary Alimony and Suit Money—Ability of Defendant—Modification of Order—Review. In a divorce action, where the trial court heard the original application of the parties and has made an order granting temporary alimony and suit money, the court's subsequent denial of a motion to modify the order, although heard and determined upon affidavits, will not be disturbed, since the appellate court has not had the opportunity of the trial court to see and observe the parties; especially where there is almost no showing of a change of ability to satisfy the award.

Appeal from an order of the superior court for Thurston county, Wilson, J., entered August 21, 1922, denying an application to modify an order awarding defendant alimony and suit money pending an action for divorce. Affirmed.

*P. C. Kibbe*, for appellant.

*Boyle & Boyle*, for respondent.

Parker, J.—The plaintiff in this divorce suit, Walter M. Drabe, has appealed to this court from an order of the superior court for Thurston county, wherein the suit is pending, refusing his application to modify a

[1]Reported in 214 Pac. 625.

former order of the court awarding to the defendant, Dorothy L. Drabe, as against him, support and suit money pending the action. We have before us a bill of exceptions purporting to embody all of the evidence introduced upon the hearing of the application of the plaintiff to modify the former order. While the evidence is wholly in the form of affidavits of the plaintiff and one of the attorneys for the defendant, no oral testimony being introduced, we do not feel that we are in an as advantageous position as the trial judge was to determine the truthfulness of the defendant's statements touching the question of fact as to his ability to satisfy the award of support and suit money made by the order sought to be modified; that being the only question here for decision.

It is true that ordinarily this court would have as good an opportunity as a trial court to determine the truthfulness of statements made in the form of written affidavits; but this application was heard before the same judge who heard the original application for support and suit money, and it is possible, or even probable, that he then had some opportunity to personally observe the defendant. Besides, it seems probable that the hearing of this application in the superior court involved in a large measure the issue involved in the hearing upon which the order here sought to be modified was made. There is almost no showing of change in the defendant's ability to satisfy the award of support and suit money since the making of that award. We do not see our way clear to disturb the trial court's refusal to modify the order. Its refusal to do so is therefore affirmed.

MAIN, C. J., FULLERTON, TOLMAN, and PEMBERTON, JJ., concur.