[No. 19925. Department One. December 3, 1926.]

THE STATE OF WASHINGTON, *Respondent*, v. A. D. WILLIAMS, *Appellant*.[1]

[1] HIGHWAYS (52-1)—NEGLIGENT USE OF MOTOR VEHICLES—DRIVING WHILE INTOXICATED. A conviction of driving an automobile while intoxicated is not sustained where there is no proof that accused was actually driving the car, which he testified was driven by his companion.

Appeal from a judgment of the superior court for King county, Griffiths, J., entered March 8, 1925, upon a trial and conviction of driving a motor vehicle while intoxicated. Reversed.

*E. F. Dailey, E. C. Dailey* and *A. E. Dailey,* for appellant.

*Ewing D. Colvin* and *John J. Dunn,* for respondent.

[1]Reported in 251 Pac. 126.

FULLERTON, J.—A. D. Williams was convicted by the verdict of a jury of driving, while intoxicated, a motor vehicle upon a public highway, and appeals from the judgment and sentence pronounced upon him.

The assignment of error is that the evidence before the jury does not support their verdict. The evidence on the part of the state tended to show that a policeman of the city of Seattle, at about 11 o'clock at night of November 12, 1924, near 85th street in that city, heard a crash some distance behind him. Looking in that direction, he saw that the crash was caused by an automobile truck striking a passenger car standing on the highway. The truck, after striking the passenger car, continued on its course towards him, "zig-zagging from side to side across the street." The officer was in his own private car, and as the truck passed him he gave chase, driving ahead of the truck and firing a revolver into the air. He succeeded in bringing the truck to a stop near 110th street. Two men were riding in the truck, and as it stopped, one of the men got out of it and escaped, and was not recognized by the officer. The officer reached the truck as the appellant was getting out, and assisted him in so doing, and immediately placed him under arrest. The officer testifies that the appellant was then so intoxicated as not to be able to stand on his feet or talk coherently. The officer called a prowler car, in which the appellant was sent to the police station, where a charge was booked against him. The officer in charge of the station testified that, when the appellant reached that place, he could both walk and talk, although he showed the effects of intoxicating drink. It was shown that the car was a left-hand drive, and that both of the men got out of it on the right-hand side. The officer making the arrest did not know which of the two men in the truck was driving it, and

the state produced no evidence, other than is above shown, as to the fact.

The appellant's version of the transaction was that the truck was the property of his employer, which he was permitted to use; that, on the evening of the night in question, he spent some time in a resort in the heart of the city where he imbibed freely in intoxicating drinks; that his home was some ten miles distant from the place, and desiring to go home, he asked a friend, whose name he gave, to drive him home in the truck; that the friend consented; that they both got into the truck and started, the friend driving; that, shortly after the start, he fell asleep and was not aroused until the car stopped at the place of his arrest, and that he was then aroused by the act of his friend, who, he testifies, shouted "holdup", and scrambled over him in getting out of the truck; that he did not hear the shot from the officer's revolver. In his cross-examination, he testified that the seat of the truck could only be entered by the right-hand door; that, while it had a left-hand door, the door was fastened and a storm-cover was placed so as to close the opening on that side.

[1] It seems to us that the appellant justly complains that there is here no evidence on which the verdict of the jury can rest. The statute under which the prosecution is had is directed against the act of driving a vehicle by a person in an intoxicated condition. To bring an accused person within the offense denounced by the statute, it is not enough to show that he was intoxicated and that he rode in a vehicle while in that condition. The proofs must go further and show that he actually drove the vehicle. Here there is no proof that the appellant was driving the vehicle on the particular occasion. There is not even a legal presumption to that effect arising from the proofs.

· The jury, of course, had the right to disbelieve the testimony of the appellant. This, however, but eliminates the testimony. After eliminating the testimony, there must be some substantial evidence remaining to prove the charge. The jury cannot assume that, because the appellant did not testify to the truth, the truth must be contrary to his testimony. This is to found the verdict not upon evidence, but on the absence of evidence. It is to found the verdict on surmise and conjecture, and these are not enough to justify a verdict which subjects a person to fine and imprisonment.

The judgment is reversed, with instructions to discharge the defendant.

TOLMAN, C. J., MAIN, and MITCHELL, JJ., concur.