[No. 24031.   Department One.   November 22, 1932.]

HERBERT B. BUTLER, *as Receiver, Respondent,* v. R. E. RINGROSE *et al., Defendants,* ERVIN F. DAILEY, *Appellant.*[1]

[1]Reported in 15 P. (2d) 1117.

212

*A. E. Dailey,* for appellant.

*Florence Mayne Hickey,* for respondent.

HOLCOMB, J.—Respondent, as receiver of two insolvent corporations, brought this action against R. E. Ringrose and wife, as defendants, and appellant as garnishee-defendant. In answer to the writ of garnishment, appellant set forth certain property in his possession standing in the name of the principal defendants, and certain other property purporting to belong to them against which he claimed liens for services rendered the principal defendants prior to the institution of the action by the receiver. Respondent controverted the answer of the garnishee-defendant in an affidavit, in which he alleged that he was informed and believed that appellant had other property in his possession belonging to the principal defendants.

Upon these issues, the cause was set for trial, and, although we have no other record than that in the garnishment proceeding, both parties agree that the garnishment proceeding was tried immediately after and as a part of the action in chief between respondent and the principal defendants. After the hearing in the two matters, the court made findings of fact, conclusions of law and entered judgment in favor of respondent. Among other things, the court found that a certain Cadillac sedan automobile, a certain silk-embroidered picture, a diamond ring and a diamond brooch had been sold by the Ringroses to appellant in part payment of an attorney's fee of five thousand dollars, leaving a balance due of twenty-five hundred

dollars to appellant for which he claimed a lien upon the other property admitted in his answer to be in his possession.

■ On appeal, appellant contends that, since there was no other evidence in the garnishment matter than that of appellant and his attorney, which its findings disclosed was disbelieved by the trial court, it then had no evidence upon which to decide the matter, and there remained nothing upon which to found its decision; citing *State v. Williams*, 141 Wash. 165, 251 Pac. 126. In that case, we simply held that the mere fact that a jury disbelieved appellant would not warrant them in believing that the truth must be contrary to his testimony. We further said that,

"After eliminating the testimony, there must be some substantial evidence remaining to prove the charge."

In the instant case, we must presume that, in the hearing of the two cases, there was substantial evidence to sustain the findings of the trial court. The trial court may have believed part of the testimony of some of the witnesses, all of which is not before us, and disbelieved other testimony, which was its peculiar prerogative. See *Drabe v. Drabe*, 124 Wash. 451, 214 Pac. 625. We therefore cannot say that the evidence preponderates to the contrary.

■ Appellant also argues that there was irregularity in the proceedings below by which he was prevented from having a fair trial. This contention is based upon a showing by affidavits, certified in the statement of facts by the trial court, that, after the hearing, the court called the attorney for respondent by telephone in regard to the matters then pending, made a request for additional briefs from her, and made no request for additional briefs from appellant.

The showing made by the affidavits on behalf of appellant was controverted by an affidavit by counsel for respondent, explaining what the trial court had telephoned her for, which was as to a mere matter of detail shown by the record as to two apparently conflicting totals in respondent's second cause of action in the principal case, which she supplied. There was no misconduct, irregularity or prejudice therein.

Appellant also seems to contend that, because the judgment in the garnishment proceeding was entered prior to the judgment in the principal case, bias and prejudice was shown by the trial court. Rem. Comp. Stat., § 695, permits a judgment in the garnishment action to be entered prior to the entry of judgment in the principal action.

Having examined the entire record, we conclude that there was no error therein, and it is, therefore, affirmed.

TOLMAN, C. J., MITCHELL, PARKER, and MILLARD, JJ., concur.