BRADAM *v.* STATE.

(*Knoxville,* September Term, 1950.)

Opinion filed December 9, 1950.

Rehearing denied January 13, 1951.

HARDWICK STUART, of Cleveland, for plaintiff.

NAT TIPTON, Asst. Atty. Gen., for the State.

· MR. JUSTICE PREWITT delivered the opinion of the Court.

The defendant, Sam Bradam, was convicted of involuntary manslaughter for the unlawful killing of J. C. Smith as a result of the collision of an automobile and a truck on the Cleveland-Ducktown highway a short distance east of the town of Cleveland. The tragedy occurred about 8:30 p. m. in March, 1949. The automobile which deceased was driving approached and struck the truck from the rear. The proof shows that the truck had no lights and that the deceased was driving at approximately fifty miles an hour. The record further reveals that the defendant and the principal state's witness, Jake Clayton, were together during the late afternoon of the night of the killing and that both were drinking heavily; that the truck was stopped where the collision later took place and Clayton testifies that he was sent by the defendant to get some repairs so that the lights might be turned on. The truck was not in motion at the time Clayton left the scene. The state's proof also shows that defendant's hat and glasses were found under the steering wheel and some identification papers found on the bank of a nearby creek, and it also appears that when

the defendant was arrested, he was wet all over. Under the proof, and the surrounding circumstances, the jury might well conclude that the defendant drove the truck to the place of the collision and abandoned it. The state insists that the jury could have concluded that the defendant was the operator of the truck and especially would this be true on account of finding his glasses and hat under the steering wheel. The state does not insist that at the time of the collision the defendant was driving the vehicle while in an intoxicated condition but that he was the operator of the truck and that the words "driving" and "operating" are in this connection synonomous. The brief filed on behalf of the state states that there is no Tennessee case covering the subject. However, it relies on *Barrington* v. *State,* 145 Fla. 61, 199 So. 320, 323. In that case, it was insisted that intoxication was unavailable to the prosecution because the car was stationary rather than in motion. The court in this case stated: "When the defendant in a drunken state, as the jury justifiably found, drove to the point where he parked his car and left it an obstacle in the path of other automobiles proceeding along the highway, that was an 'operation' of the vehicle while intoxicated, and he cannot be excused for the wrongdoing simply because his car had lost its motion at the time an unwary traveler paid with her life in a collision directly caused by the improper placing of the vehicle by a driver when inebriated."

The Florida statute denounces the operation of an automobile while under the influence of an intoxicant and our statute prohibits the driving of a motor vehicle while under the influence of an intoxicant.

Section 10827 of Williams' Tennessee Code Ann. provides: "10827. Driving automobile while under in-

fluence of intoxicants or narcotic drugs unlawful.—It shall be unlawful for any person or persons, while under the influence of an intoxicant, or while under the influence of narcotic drugs, to *drive* any automobile, motor car, taxi-cab, automobile truck, motorcycle or other motor driven vehicle in the State of Tennessee, on any of the public roads and highways of the state, or on any of the streets or alleys of any city or town in the state.''

So, then, the offense denounced is ''driving'' such a vehicle under certain conditions. The law recognizes in such cases a distinction between driving and operating.

In 5 American Jurisprudence, Section 771, it is stated as follows:

''771. 'Driving' or 'operating' Motor Vehicle.—'Driving' an automobile within the meaning of statutes prohibiting driving while intoxicated or while under the influence of intoxicating liquor undoubtedly means that the car must be moving along a street or highway, or such place as falls within the contemplation of the statute, by virtue of the acts of the intoxicated person. Merely starting the motor of a car, or attempting to start it, does not constitute 'driving' within the terms of such acts. However, the fact that the car moved only a few feet does not justify a holding as a matter of law that the accused was not driving.

''A person may be guilty of an attempt to drive a car while intoxicated where he, while intoxicated, inserted the ignition key and put his foot upon the starter with intent to drive upon a public highway, although he was prevented from carrying the attempt into full execution.

''To constitute 'operating' an automobile while intoxicated within the meaning of motor vehicle acts, it is not necessary that the vehicle be in motion. Starting

the motor and allowing it to idle in neutral, or steering a car as it is being towed to a place of repair, has been held to constitute 'operating' within the meaning of such acts."

In 61 C. J. S., Motor Vehicles, Section 628, it is said that driving or operating a motor vehicle is an essential element of the offense of driving a motor vehicle while intoxicated and it must appear that the accused actually drove such vehicle simultaneously with being in the prohibited condition. *Underwood* v. *State,* 24 Ala. App. 191, 132 So. 606; *State* v. *Jones,* 124 Conn. 664, 2 A. (2d) 374; *State* v. *Kissinger,* 343 Mo. 781, 123 S. W. (2d) 81; *State* v. *Boag,* 154 Or. 354, 59 P. (2d) 396; *State* v. *Williams,* 141 Wash. 165, 251 P. 126.

It was held that it was not necessary to show that the automobile be actually in motion to constitute operation since it is sufficient operation if accused set in motion the operative machinery of the vehicle for the purpose of putting the vehicle in motion. *Commonwealth* v. *Uski,* 263 Mass. 22, 160 N. E. 305; *People* v. *Domagala,* 123 Misc. 757, 206 N. Y. S. 288.

It is not even necessary that the engine be running in order to constitute the operation of a vehicle within the meaning of such a statute. *State* v. *Storrs,* 105 Vt. 180, 163 A. 560.

It has also been held that the turning of the ignition switch which had an operating self-starter was operating a motor vehicle. *State* v. *Storrs,* supra.

So then, it is seen that many states make the distinction between "driving" and "operating".

In the present case, there is no proof whatever that the defendant was driving the automobile truck at the time the collision took place.

However, the indictment in the case, in addition to charging the defendant with driving while under the influence of intoxicant as provided by Section 10827 of the Code, supra, also charges him as follows: ". . . unlawfully operated a truck on the public highway aforesaid in such a wanton, reckless and careless manner as to disregard the safety of others, and while so doing the said Sam Bradam did park said truck upon the highway in violation of law and caused a wreck, thereby feloniously wounding, bruising and killing J. C. Smith aforesaid . . ."

This count of the indictment charges the defendant with unlawful parking as prohibited by Section 2690 and 2695 of Williams' Tennessee Code. The indictment also charges that the unlawful parking was done wantonly, recklessly and carelessly in disregard of the rights of others.

We are of the opinion that regardless of whether the defendant was under the influence of intoxicant, or regardless of the fact that he was not actually operating the vehicle at the time is no legal excuse for his leaving the car parked on the traveled part of the highway at night without lights in violation of the last two mentioned sections of the Code.

The above holding is in line with previous decisions of this Court. It was said in *Potter* v. *State,* 174 Tenn. 118, 127, 124 S. W. (2d) 232, 236: "The test appears to be whether or not the driver, violating the highway statute in the particular above considered, does so consciously, or under circumstances which would charge a reasonably prudent person with appreciation of the fact and the anticipation of consequences injurious or fatal to others. For example, one who drives over the crest of a hill on

the wrong side of the road, or who drives out from behind a line of congested traffic into the face of near approaching vehicles (as in the recently reported case of *Reed* v. *State*, 172 Tenn. 73, 110 S. W. (2d) 308), can hardly be acquitted of criminal negligence on his plea of inadvertence. The demand for diligence and caution is too imperative under such conditions to be so excused. In this class of cases the defendant must be held to have knowingly violated the law, and must be held to the consequences, whether foreseen or not. Such cases call for application of a rule of unrebuttable presumption of conscious indifference.''

In the present case, a truck was left by the defendant on the traveled portion of the highway without any lights in the night time. Such an act under the circumstances charges a reasonable, prudent person with appreciation of the fact and the anticipation of consequences injurious or fatal to others.

It results that the conviction must be sustained upon the first count of the indictment, and the judgment below must be affirmed.

GAILOR, JUSTICE (concurring).

I concur with the majority in the result, but reach it on different grounds from those expressed in the opinion. The undisputed evidence is that the Defendant, while drunk, parked his truck on the public highway and then abandoned the vehicle. This parking was a ''driving'' within the prohibition of Code Sections 10827-10828, and therefore an unlawful act *malum in se*. *Hurt* v. *State*, 184 Tenn. 608, at page 612, 201 S. W. (2d) 988, at page 990. As a direct and proximate result of a collision with this unlighted truck, one J. C. Smith was killed.

Clearly, the death of Smith was caused by the Defendant while in the commission of an unlawful act, and so the death supports a conviction for involuntary manslaughter. It is upon the grounds stated that I think that the judgment should be affirmed.