DAVIS *v.* STATE.

(*Nashville*, December Term, 1951.)

Opinion filed July 11, 1952.

KNOX BIGHAM, Assistant Attorney General, for the State.

R. R. HAGGARD, of Waynesboro, for defendant.

MR. JUSTICE PREWITT delivered the opinion of the Court.

Defendant Eunis Davis was convicted of involuntary manslaughter, with punishment fixed at five months in the county jail. The indictment grew out of an automobile accident in Wayne County on the afternoon of June 29, 1951 when the automobile driven by the defendant struck and killed Mrs. Bella Grossman, on Highway 64 about one mile east of Waynesboro on the road going toward Lawrenceburg. At the point where the collision took place, the road curves before crossing the bridge over Hurricane Creek. Mrs. Grossman had been visiting Mrs. John Prentice, the latter living on the right hand side of the road going toward Lawrenceburg and on the curve. According to Mrs. Prentice, the deceased descended the steps and when she reached the road, she started walking towards Waynesboro. Proof showed that Mrs. Grossman was on the shoulder of the road.

The automobile driven by the defendant was going towards Lawrenceburg. The car left the road, went into a ditch on the right hand side and struck Mrs. Grossman, inflicting injuries which resulted in her death. After striking deceased, the automobile returned to the highway and continued on its way. Proof shows that the automobile was traveling about 65 miles an hour. Later in the afternoon, the officers found the automobile some distance from the scene of the accident. The right front wheel, which had been taken off, was flat. It seems that the defendant made an effort to escape and had run into the field from the house when the officers approached. One of the officers testified that he could smell the odor of beer or whiskey and another testified that he seemed to be under the influence of an intoxicant. This was two or three hours after the fatal accident. The highway patrolman testified that from the physical facts at the scene of the accident, the automobile evidently left the pavement and its right wheels entered the ditch some 66 feet west of where Mrs. Grossman was standing. The left wheels entered the ditch about 21 feet west of the impact. The highway patrolman expressed the opinion that the tire was punctured after the car passed the point where deceased was. This opinion was based upon an observation of the tracks. Proof shows that sometime after the collision, the defendant was interviewed and he stated that he had been drinking and was just driving too fast. At the trial he claimed that his right front tire blew out and this was the cause of the accident. He claims that he was badly frightened and drove the car to the place where it was abandoned. He further testified that he was not under the influence of an intoxicant and that he was not speeding or driving recklessly

at the time of the accident. He stated that he did not have a driver's license and that his father had told him not to drive.

The principal insistence here is that the indictment is insufficient because it does not aver that there was any act done or committed by the defendant that would constitute driving recklessly. The second and third insistence is that the indictment failed to allege the speed at which the automobile was traveling and failed to describe the manner in which the automobile was being driven.

The indictment charges that the defendant "did unlawfully drive a certain motor vehicle, to-wit: an automobile, along and over the public roads and highways of said County and State, recklessly, or at a speed, or in a manner so as to endanger or be likely to endanger life, limb or property of other persons; and while so unlawfully driving and operating said automobile upon said public roads and highways of said County and State, and as a direct and proximate result of such unlawful driving of the same, the said Eunis Davis drove said automobile into and against the body of one Bella Grossman, thereby inflicting grave and serious injuries to said Bella Grossman, as a direct and proximate result of which she soon thereafter died; and so the Grand Jurors aforesaid, upon their oaths aforesaid, do present and say that heretofore, to-wit: on the day and date aforesaid, in the County and State aforesaid, and in the manner and form aforesaid, the said Eunis Davis unlawfully and feloniously committed the crime of involuntary manslaughter upon the body of the said Bella Grossman."

It will be seen that the defendant was accused of killing the deceased in such manner as to be guilty of in-

voluntary manslaughter; that the killing was committed by driving the automobile and that the automobile was driven in such a manner as to violate Code Section 2681. The basis of the offense charged is the killing. The manner in which the killing was committed was by striking the deceased with an automobile being driven in an unlawful manner. This is the inducement to the real charge. *Alexander* v. *State,* 50 Tenn. 475.

In an indictment for murder it is unnecessary to state the manner or means by which the death was caused. It is unnecessary to charge that the wound was inflicted with a particular weapon; to designate the part of the person upon which the wound was inflicted; or allege that the pistol was loaded with powder and ball. *Ray* v. *State,* 108 Tenn. 282, 67 S. W. 553.

It is unnecessary in an indictment for involuntary manslaughter to encumber the charge with more detail than is required in an indictment for murder.

This indictment charges only one offense and that is the unlawful killing of Mrs. Grossman. It is alleged that defendant drove the automobile recklessly, or at a speed, or in a manner so as to endanger or be likely to endanger life, limb or property of other persons. These are merely allegations of the means or manner by which the killing was committed. Code, Section 11628, reads as follows:

"When the offense may be committed by different forms, by different means, or with different intents, such forms, means or intents may be alleged in the same count in the alternative."

It is also insisted that the evidence preponderates against the verdict. We are of the opinion that the conviction can be sustained upon either one of two the-

ories: first, that the defendant was operating his automobile in an intoxicated condition and therefore was guilty of an act malum in se. *Keller* v. *State,* 155 Tenn. 633, 299 S. W. 803, 59 A. L. R. 685.

He insists, however, that the conviction cannot be sustained upon this theory because the indictment fails to allege that he was operating his automobile while under the influence of an intoxicant. The indictment does allege that the automobile was being operated at such a speed or in such a manner as to endanger the life, limb or property of other persons. The state's proof fully supports the contention that the automobile, while driven by defendant in an intoxicated condition, left the highway, entered the ditch and killed Mrs. Grossman. The facts of the case show intoxication. Certainly evidence was competent on the question of intoxication to show that the defendant was driving the car in a reckless manner.

Furthermore, we are of the opinion that under the second theory of the state, the test is whether or not the defendant, violating Code Section 2681, did so consciously or under circumstances which would charge a reasonably prudent person with appreciation of the fact and anticipation of consequences injurious or fatal to others. See *Potter* v. *State,* 174 Tenn. 118, 124 S. W. (2d) 232; *Bradam* v. *State,* 191 Tenn. 626, 235 S. W. (2d) 801.

The proof shows that the defendant did not have a driver's license and that his father had told him not to drive the car. From this it must be assumed that he was inexperienced in the operation of an automobile and that he was fully cognizant of that fact. Furthermore, he was driving this automobile downgrade, around a curve

and at a speed of approximately 65 miles an hour.

In *Bradam* v. *State,* supra, 191 Tenn. at page 631, 235 S. W. (2d) at page 803, this Court said:

"However, the indictment in the case, in addition to charging the defendant with driving while under the influence of intoxicant as provided by Section 10827 of the Code, supra, also charges him as follows: '\* \* \* unlawfully operated a truck on the public highway aforesaid in such a wanton, reckless and careless manner as to disregard the safety of others, and while so doing the said Sam Bradam did park said truck upon the highway in violation of law and caused a wreck, thereby feloniously wounding, bruising and killing J. C. Smith aforesaid \* \* \*.'

"This count of the indictment charges the defendant with unlawful parking as prohibited by Section 2690 and 2695 of Williams' Tennessee Code. The indictment also charges that the unlawful parking was done wantonly, recklessly and carelessly in disregard of the rights of others.

"(3) We are of the opinion that regardless of whether the defendant was under the influence of intoxicant, or regardless of the fact that he was not actually operating the vehicle at the time is no legal excuse for his leaving the car parked on the traveled part of the highway at night without lights in violation of the last two mentioned sections of the Code."

█ The substance of the indictment in the present case is that the defendant was charged with driving recklessly and in disregard of the life or safety of others and that his car struck and killed the deceased and that his acts were unlawful and felonious. We think this indictment is sufficient.

■ The defendant also assigns as error the failure of the trial judge to charge the jury his special requests (1) and (2). We have examined these special requests and find that these matters have been fully covered in the general charge of the court.

We have considered all the assignments of error and they are overruled. The judgment of the lower court is affirmed.