JAMES ALBERT BROWN

*v.*

STATE OF TENNESSEE

(*Knoxville,* September Term, 1956)

Opinion filed December 7, 1956.

JOHN R. TODD, Kingsport, for plaintiff in error.

NAT TIPTON, Advocate General, for defendant in error.

Mr. Justice Prewitt delivered the opinion of the Court.

The plaintiff-in-error hereinafter referred to as the defendant, James Albert Brown, was convicted for involuntary manslaughter and his punishment fixed at 11 months and 29 days in the County Jail.

The prosecution grew out of a collision of a Ford car owned by defendant and a Mercury car owned by the State's witness Harkleroad, which occurred near Kingsport on a night in October, 1954.

The primary question of fact is as to the identity of the driver of defendant's car. The State insists the defendant, Brown, was driving it, while defendant contends that the deceased, Johnny McAmis, was the driver and that he was asleep and unaware of the operation of the car.

The proof shows that the Ford car, after having been driven in a weaving manner for some distance prior to the collision, undertook to pass a car going in the same direction on the crest of a hill and collided with the Mercury.

The testimony of the witness, Miss Jones, and the wit-

ness, Billie Shanks, is to the effect that defendant's car was on the wrong side of the road and trying to pass another car. The car was the property of the defendant.

The witness Coats, a Highway Patrolman, reached the scene of the accident shortly after the collision and testified that defendant was wearing only one shoe, another shoe which Coats testified seemed to match the one the defendant was wearing was found jammed between the clutch pedal and the brake pedal, beneath where the steering wheel had been.

The witness Conner, the ambulance driver, who carried both defendant and deceased to the hospital following the collision, testified that when he removed the bodies from the car, defendant was under the steering wheel and deceased's body was on the right side of the car.

Coats testified that he saw a whiskey bottle in defendant's car.

A brother-in-law of the deceased, McAmis, testified that the latter's teeth were knocked out and on the dashboard of the car on the right side there appeared scratches apparently made by teeth.

The father of the deceased testified that when defendant was removed from the hospital he had a conversation with him in which he admitted that he was driving the car.

The defendant testified that he and the deceased were in the car and that about 10 or 12 miles from the scene of accident he got sleepy and that the car was parked on the side of the road, and that he exchanged places with the deceased, took off his shoes and went to sleep, and that he knew nothing more until he awoke in the hospital, and that if the car was being driven it was driven by the

deceased. He denied telling the father of the deceased that he was driving the car at the time. The defendant testified that his left leg was badly injured in the collision.

The record fails to reveal whether the defendant had the odor of whiskey on his breath after the collision.

The proof does show definitely, however, that defendant's car was on the wrong side of the road, and that he tried to pass another car on the crest of this hill. Passing another car on the crest of the hill where the view be obstructed is recognized as being completely negligent, to that degree necessary to sustain a conviction, *Trentham v. State,* 185 Tenn. 271, 206 S.W.2d 291, and it is also prohibited by T.C.A. sec. 59-820, which is substantially the same as Section 6, para. (b), Ch. 82, Public Acts of 1931, the law which was in effect at the time of the collision. In this connection see also *Bradam v. State,* 191 Tenn. 626, 235 S.W.2d 801; and *Smith v. State,* 196 Tenn, 168, 264 S.W.2d 803.

As a general rule any violation of a statute wherein death ensues constitutes involuntary manslaughter if the violation of the statute be the proximate cause of death. There can be no question but that the effort of the defendant to pass this other automobile on the crest of this hill proximately caused the collision, and for this reason the driver of the car was guilty of involuntary manslaughter.

The evidence presented a question of fact as to the driver of this Ford car and this fact could be proven by circumstances. *Ford v. State,* 184 Tenn. 443, 201 S.W.2d 539. We think the circumstances were sufficient to warrant the jury in concluding the defendant was the driver.

The judgment below must be affirmed.