WILLIAM A. BOLINGER

*v.*

STATE OF TENNESSEE.

(*Knoxville,* September Term (May Session), 1959.)

Opinion filed September 9, 1960.

JOHN A. ARMSTRONG, Greeneville, for plaintiff in error.

THOMAS E. FOX, Assistant Attorney General, for defendant in error.

MR. CHIEF JUSTICE PREWITT delivered the opinion of the Court.

The defendant below, William A. Bolinger, was convicted of involuntary manslaughter and sentenced to serve 6 months in the County Jail of Greene County, and was also convicted at the same time for leaving the scene of an accident and fined $500. The appeal in error is here on the facts.

It appears that the defendant, while passing another car on Highway No. 11E, between Johnson City and Tusculum, traveling in the direction of Johnson City, about 5:30 p. m., on December 21, 1959, ran his car into and killed David Story, a boy thirteen years of age, who was a pedestrian on the highway going in the direction the automobiles were being driven.

Story was on the hard surface of the highway about one foot from the shoulder in the lane to the left of the defendant's driving lane, facing traffic driving in the direction opposite that of the defendant's.

Defendant testified that David Story was about 4½ feet from the shoulder of the highway. The driver of the car being passed by the defendant, at the time the incident occurred, testified that he was driving 30 to 35 miles per hour when the defendant passed him. Another state's witness, who saw defendant's car estimated defendant was driving fifty miles per hour.

The victim's body was thrown into the air over the hood of the car and apparently carried a distance of about 150 feet. The record shows that it was near a school and apparently near the town of Tusculum. The victim's shoes indicating the point where he was first struck were approximately 48 feet beyond the point of beginning of a yellow line on the right of the center line in the lane defendant was driving. The incident occurred

near the bottom of a sag or dip in the highway. The driver of the car he passed could see his tail light for a distance of about 200 yards after the victim was struck until it disappeared over the top of the hill.

Several minutes after the officers reached the scene of the accident the defendant returned.

The defendant testified that he drove to a point near the top of the hill, backed his car into a driveway, spent some time talking to one of his sons, who was riding with him at the time of the accident, and then returned to the scene of the accident.

It is insisted by counsel for the defendant that there is not sufficient evidence of gross negligence in this case to justify a judgment against the defendant in a criminal proceeding.

Now, it appears that defendant was attempting to pass another car in an area near the Town of Tusculum, where he should have expected pedestrians upon the highway and that the pedestrians, for their own safety, would be in the opposite lane from the one used by automobiles going in the direction of the pedestrians. The fact that the victim's body was either carried or thrown 150 feet from where it was struck indicated that the defendant was driving at a rapid rate of speed as he passed the other car at a point where he should not have passed as evidenced by the position of the yellow line with respect to the center line of the highway at that point.

The evidence in this case indicates that defendant's action is more than mere misadventure and accident and constitutes criminal negligence. *Smith v. State,* 196 Tenn. 168, 264 S.W.2d 803; *Reed v. State,* 172 Tenn. 73, 110

S.W.2d 308; *Potter v. State,* 174 Tenn. 118, 124 S.W.2d 232; *Trentham v. State,* 185 Tenn. 271, 206 S.W.2d 291; *Bradam v. State,* 191 Tenn. 626, 235 S.W.2d 801.

Under the facts of this case and our reported holdings, we are of the opinion that the defendant was guilty of the criminal offense charged and the judgment must be affirmed.