IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 24, 2018 at Knoxville

### STATE OF TENNESSEE v. TREVOR WALLACE

**Appeal from the Circuit Court for Houston County**
**No. 42CC1-2016-CR-83    David D. Wolfe, Judge**

_____

### No. M2017-01511-CCA-R3-CD

_____

The State of Tennessee appeals from the Houston County Circuit Court's order granting the Defendant, Trevor Wallace's, motion to dismiss the indictment charging him with driving under the influence. *See* T.C.A. § 55-10-401(a) (Supp. 2014) (amended 2015). The trial court granted the motion on the basis that the indictment failed to state an offense. The State contends that the trial court erred in granting the motion to dismiss. We reverse the judgment of the trial court and remand the case for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed;**
**Case Remanded**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which ALAN E. GLENN and TIMOTHY L. EASTER, JJ., joined.

Herbert H. Slatery III, Attorney General and Reporter; Leslie E. Price, Senior Counsel; Wendall Ray Crouch, Jr., District Attorney General; Talmage M. Woodall, Assistant District Attorney General, for the appellant, State of Tennessee.

Frank J. Runyon III (on appeal and at hearing), and Gregory D. Smith (on appeal), Clarksville, Tennessee, for the appellee, Trevor Wallace.

### OPINION

The indictment charged the Defendant with the following conduct:

That **TREVOR WALLACE** heretofore, to-wit: on or about April 05, 2015, and prior to the finding of this indictment, in the County of Houston aforesaid, then and there, did unlawfully, while under the influence of an intoxicant, and/or drug, and while having an alcohol concentration in his blood or breath of ten hundredths of eight-hundredths of one percent (.08%)

or greater, did drive and/or physically control an automobile and/or motorized vehicle upon a public highway and/or an area frequented by the public at large in said Houston County, Tennessee, in violation of **T.C.A. 55-10-401, a Class A Misdemeanor**, all of which is against the peace and dignity of the State of Tennessee.

At the time of the alleged offense, Tennessee Code Annotated section 55-10-401 provided, in pertinent part:

> (a) It is unlawful for any person to drive or be in physical control of any automobile or other motor driven vehicle on any of the public roads and highways of the state, any shopping center, trailer park, apartment house complex or any other location which is generally frequented by the public at large, while:
>
> (1) Under the influence of any intoxicant, marijuana, controlled substance, controlled substance analogue, drug, substance affecting the central nervous system or combination thereof that impairs the driver's ability to safely operate a motor vehicle by depriving the driver of the clearness of mind and control of himself which he would otherwise possess;
>
> (2) The alcohol concentration in the person's blood or breath is eight-hundredths of one percent (0.08%) or more[.]

T.C.A. § 55-10-401(a)(1)-(2) (Supp. 2014) (amended 2015).

After the jury had been sworn at the Defendant's trial, the defense moved for a dismissal of the indictment on the basis that the "ten hundredths of eight-hundredths of one percent (.08%)" wording regarding the amount of alcohol in his blood or breath was confusing and failed to state the facts of the alleged offense in a manner which enabled "a person of common understanding to know what is intended" as required by Tennessee Code Annotated section 40-13-202. Defense counsel argued that the indictment did not state a crime because it stated that that the Defendant operated a motor vehicle "with an alcohol concentration of one tenth (.1%) [sic] of the current legal limit." The trial transcript reflects that, although the indictment had not yet been read to the jury when the defense made its motion to dismiss, the parties and the court considered the indictment to charge or attempt to charge driving under the influence with an alcohol concentration of 0.08% or more, pursuant to subsection (a)(2) of the statute (DUI per se), and did not

consider it to charge or attempt to charge driving while under the influence of an intoxicant, pursuant to subsection (a)(1).

In granting the Defendant's motion to dismiss the indictment, the trial court stated:

Number one, the Jurors, now having been sworn, would be advised as to the law and they would also be given the definitions of the elements of the crime, which would include in the charge the fact that he was charged with . . . having operated a motor vehicle with a breath or blood alcohol of .08 or greater and that would have been spelled out as eight one-hundredths of one percent.

The State certainly had the election to indict, as is often done, count I just as the common law [offense] of driving under the influence, and count II [as] the per se violation of .08 percent. In this case there was no count I. There was no common law part (a) of the statute charged, it was only on the presumption or the offense of having a blood alcohol of .08 or greater. That was charged in order to comply with that the Defendant in my opinion would have been entitled – or rather the Jurors would have been entitled to have the indictment taken back to the Jury room with them. That's typically the case. They have the right to have the indictment. And if they take the indictment back there and they see ten one-hundredths of eight one-hundredths of one percent, I think it is likely to cause confusion or difficulty in them understanding it.

In view of the fact that if we had a count I per se – or rather count I common law indictment I would allow it to go to trial on that and grant the Motion as to count II for the per se violation. Since we only have the per se violation, it's my finding that the wording of the indictment would likely lead to confusion or prevent the Defendant from being able to obtain a fair trial. And unfortunately, the Jury has now been sworn, and as a result of that this case is dismissed.

In its appeal, the State contends that the trial court erred in granting the motion to dismiss because the Defendant waived any challenge to the wording of the indictment by failing to raise an objection before the jury was sworn, that the indictment provided sufficient notice to the Defendant of the offense of which he was charged, and that double jeopardy does not bar a second trial despite the court's dismissal of the indictment after the jury had been sworn. The Defendant contends that the trial court did not err in granting his motion to dismiss the indictment.

-3-

Regarding the wording of an indictment, Tennessee Code Annotated states:

> The indictment must state the facts constituting the offense in ordinary and concise language, without prolixity or repetition, in a manner so as to enable a person of common understanding to know what is intended and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment. In no case are the words "force and arms" or "contrary to the form of the statute" necessary.

T.C.A. § 40-13-202 (2012).

Tennessee Rule of Criminal Procedure 12(b)(2)(B) states that "a motion alleging a defect in the indictment, presentment, or information" must be raised before the trial, "but at any time while the case is pending, the court may hear a claim that the indictment, presentment, or information fails to show jurisdiction in the court or to charge an offense."

> Defects which may be challenged at any time during the pendency of the proceedings include objections which challenge lack of jurisdiction in the court and those objections contending that the indictment failed to charge an offense. "Lack of jurisdiction" refers to subject matter jurisdiction which a defendant has no power to waive. *Pon v. U.S.*, 168 F.2d 373, 374 (1948) (interpreting Rule 12 of the Fed. R. Crim. P., which is virtually identical to our Rule 12). *See also State v. Seagraves*, 837 S.W.2d 615, 618 (Tenn. Crim. App. 1992). Subject matter jurisdiction is the power of the court to hear and decide a particular type of action. . . . In reference to objections alleging failure to state an offense, the rationale is that if the indictment fails to include an essential element of the offense, no crime is charged and, therefore, no offense is before the court. *See State v. Perkinson*, 867 S.W.2d 1, 5-6 (Tenn. Crim. App. 1992).

*State v. Nixon*, 977 S.W.2d 119, 120-21 (Tenn. Crim. App. 1997). An objection which is required to be raised pretrial is waived if it is not timely made. Tenn. R. Crim. P. 12(f)(1).

The Defendant's motion to dismiss alleged that (1) the wording of the indictment was confusing and failed to comply with Code section 40-13-202 and (2) the indictment failed to allege a crime. In *Nixon*, this court explained that the objections which are subject to waiver include "defects in the indictment that go to matters of form rather than substance," including statutory requirements such as that the indictment must be signed

-4-

by the district attorney general and that the indictment identify the person charged, the time of the offense, and the location of the offense. *See Nixon*, 977 S.W.2d at 121. In contrast, objections to a lack of jurisdiction and to the failure of an indictment to charge an offense are not waivable because a defendant may not waive a lack of subject matter jurisdiction by the court and, in the case of failure to charge an offense, no offense is before the court. *See id.*; *see also State v. Lindsey*, 208 S.W.3d 432, 438 (Tenn. Crim. App. 2006).

Regarding the alleged failure to state an offense, the Defendant argues that the indictment specified that he committed the offense because his breath or blood contained one-tenth of the threshold amount required for DUI per se. The question of whether an indictment is valid is a question of law, which is reviewed de novo by an appellate court. *Lindsey,* 208 S.W.2d at 438.

Upon review of the single-count indictment in the present case, we note that it describes two modes of committing the offense of driving under the influence, both of which are proscribed by Code section 55-10-401. First, it describes the mode of DUI that is committed while driving while under the influence of an intoxicant, and second, it describes, or at least attempts to describe, the mode of DUI that is committed by driving while the person's blood or breath alcohol content is 0.08% or greater, albeit describing the latter in confusing and imperfect language. "When the offense may be committed by different forms, by different means or with different intents, the forms, means or intents may be alleged in the same count in the alternative." T.C.A. § 40-13-206(a) (2012); *see State v. Jefferson*, 529 S.W.2d 674, 678 (Tenn. 1975), *overruled on other grounds by State v. Mitchell*, 593 S.W.2d 280, 286 (Tenn. 1980); *Davis v. State*, 250 S.W.2d 534, 535 (Tenn. 1952); *Griffin v. State*, 70 S.W. 61, 61-62 (Tenn. 1902); *State v. Edward Jerome Harbison*, No E2017-00520-CCA-R3-CD, 2018 WL 674002, at *5, n.1 (Tenn. Crim. App. Feb. 1, 2018), *pet. for perm. app. filed* (Tenn. Apr. 5, 2018).

We discern from our review of the record that neither the trial court nor the attorneys in the present case considered the indictment to charge or attempt to charge two alternative means of committing DUI. Rather, they considered it to charge or attempt to charge a single mode of DUI per se by driving with a blood or breath alcohol level of 0.08% or greater, as proscribed by Code section 55-10-401(a)(2) (DUI per se). Thus, no issue was raised with respect to the adequacy of the indictment in charging DUI while under the influence of an intoxicant, as proscribed by Code section 55-10-401(a)(1), and no flaws in the indictment in this regard are apparent. Because the indictment charges the offense of DUI by at least one means, it was not subject to dismissal for failure to state an offense, and the trial court erred in dismissing the indictment on this basis.

As we have stated, the question of whether an indictment charged an offense is not a matter which was required to be raised before the trial began. *See* Tenn. R. Crim. P. 12(b)(2)(B), (f)(1). Although the trial court erred in concluding that the indictment failed to state an offense, it did not err in addressing the issue after the Defendant's trial began. *See* Tenn. R. Crim. P. 12(b)(2)(B), 12(f); *Nixon*, 977 S.W.2d at 121; *State v. Hilliard*, 906 S.W.2d 466, 470 (Tenn. Crim. App. 1995) (stating that the defendant did not waive an objection to an indictment which failed to charge the element of the offense requiring possession of one-half gram or more of cocaine because the defendant did not raise the issue before the trial).

Because the indictment charges or attempts to charge the offense of DUI by two distinct modes, the question becomes whether the Defendant waived any challenge to the disputed language in the indictment relative to the description of the DUI per se mode of the offense. The Defendant's allegation that the indictment was confusing and did not comply with Code section 40-13-202 speaks to the form of the indictment. Because we have determined that the indictment charges DUI by driving while under the influence of an intoxicant pursuant to Code section 55-10-401(a)(1), any deficiency of the indictment to charge DUI per se pursuant to Code section 55-10-401(a)(2) would not be fatal, in and of itself, to the indictment's showing of jurisdiction or charging of the offense of DUI. *See State v. Culp*, 891 S.W.2d 232, 236 (Tenn. Crim. App. 1994) (stating that "[a]n indictment is not bad or fatal if it is unnecessarily prolix, or if it contains surplus words" and that surplus words may be disregarded if, in their absence, the offense remains sufficiently charged (citing *State v. Bellville*, 66 Tenn. 548, 549 (1874)). Therefore, the Defendant's objection to the verbiage of the DUI per se allegations is the type of objection which Tennessee Rule of Criminal Procedure 12(b)(2)(B) requires to be raised before the trial. *See State v. Bowers*, 673 S.W.2d 887, 888 (Tenn. Crim. App. 1984) (stating that a citation to an erroneous statute was surplusage and that, absent a showing the defendant was misled by the erroneous language, any objection to a defect in the indictment which was ascertainable before the trial is waived if the objection is not raised before the trial); *cf. Lindsey*, 208 S.W.3d at 437-39 (holding that by not objecting before the trial began, the defendant waived any objection to a defective indictment which charged two distinct offenses in a single count).

The Defendant argues that the language of the indictment would have confused the jury during its deliberations, had they occurred. Because the Defendant elected to wait until after the jury was sworn to object to the form of the indictment, any confusing or imprecise language could have been amended with his consent pursuant to Tennessee Rule of Criminal Procedure 7(b)(1). Dismissal based upon the form of an indictment which charged an offense and conferred jurisdiction upon the trial court, however, was not a remedy available to him after the trial began. *See* Tenn. R. Crim. P. 12(b)(2)(B).

-6-

Finally, we address the State's contention that double jeopardy does not bar a second trial.

> Retrial is . . . permissible . . . if the defendant through his counsel actively sought or consented to premature termination of the proceedings. *United States v. Scott*, 437 U.S. 82, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978); *Seiber v. State*, 542 S.W.2d 381, 385 (Tenn. Crim. App. 1976). In such a case the accused has deliberately elected to forego his right to have guilt or innocence determined by the first trier of fact.

*State v. Knight*, 616 S.W.2d 593, 596 (Tenn. 1981); *see United States v. Scott*, 437 U.S. 82, 94-101 (1978) (holding that double jeopardy does not bar a subsequent trial of a defendant who sought and successfully obtained termination of the trial on a basis other than insufficiency of the evidence); *State v. Mounce*, 859 S.W.2d 319, 321 (Tenn. 1993). The trial court dismissed the indictment on the Defendant's motion. As such, the Defendant elected to forego his right to have a jury determination of his guilt or innocence, and double jeopardy does not bar a subsequent trial due to the trial court's error in dismissing the indictment.

In consideration of the foregoing and the record as a whole, the judgment is reversed. The indictment is reinstated, and the case is remanded for further proceedings consistent with this opinion.

_____
ROBERT H. MONTGOMERY, JR., JUDGE