**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

THE STATE OF WASHINGTON,

Respondent,

v.

TWO DOGS SALVATORE FASAGA,

Appellant.

No. 87673-2-I

DIVISION ONE

UNPUBLISHED OPINION

BIRK, J. — Two Dogs Fasaga appeals his conviction of unlawful possession of a firearm in the first degree, arguing the State failed to prove he had dominion and control over a firearm. We hold the evidence was sufficient to support Fasaga's conviction, and affirm.

I

The State charged Fasaga by information with unlawful possession of a firearm in the first degree,[1] alleging that on or about May 11 or 12, 2018, Fasaga "knowingly did own, have in his possession, or have in his control, a semi-automatic handgun."

On May 11, 2018, Fasaga lived at 415 View Ridge Road in Onalaska, Washington. Fasaga's mother owned the home, and at some point, the property was transferred into Fasaga's name. Rachel Donnelly testified that on May 12, 2018, Fasaga had, and fired, a .45 pistol. Donnelly testified she used that gun

---

[1] The State also charged Fasaga with murder in the first degree and murder in the second degree. The trial court acquitted Fasaga of these charges.

"months after," as well as a rifle, for shooting practice at the property. Donnelly testified Fasaga left the .45 pistol at the house "most of the time," but would carry the gun on his person if the two were leaving together.

Fasaga testified that in May 2018 he was living at his grandmother's house, but he would visit the 415 View Ridge Road property "[e]very few days" to check on the property. Fasaga testified he kept "some stuff" on the property, including three vehicles that he owned, he had "cameras everywhere" on the property for security purposes, and he had two dogs on the property. Fasaga testified that he often saw Donnelly shooting guns at the 415 View Ridge property, and those guns were his. During cross-examination, the following occurred,

> Q. Mr. Fasaga, you are a convicted felon, right?
>
> A. Yes, ma'am.
>
> Q. And based on your felony convictions, you are aware that you are not allowed to possess any firearms?
>
> A. Yes, ma'am.
>
> Q. And in May of 2018, you testified that you were living at your grandmother's house . . . but that you were also on the 415 View Ridge Road property at times. That's your testimony, right?
>
> A. Yes, ma'am.
>
> Q. And you were aware that there were firearms on that property; fair to say?
>
> A. Yes.

Q.     And you had access to those firearms?

A.     Yes.

Q.     And you would have been able to use them at any time based on your access to that property?

A.     Yes, ma'am.

Fasaga testified that the guns on the property included a ".223 rifle, .22 rifles, [and] 9 millimeter pistols."

Lewis County Sheriff's Detective Skylar Eastman testified he was familiar with the 415 View Ridge Road address and it was his understanding that Fasaga resided there. Detective Eastman testified that in March 2019 he responded to the address, Fasaga was present, and Fasaga gave the detective permission to come onto the property.

On July 28, 2023, the trial court convicted Fasaga of unlawful possession of a firearm in the first degree. The trial court found beyond a reasonable doubt that on May 11, 2018, Fasaga possessed a firearm by having a firearm in his dominion and control. The trial court based its findings on the fact that Fasaga testified there were firearms on the property, he was aware of those firearms, and he could access them. On September 8, 2023, Fasaga filed a motion to arrest judgment, or in the alternative, a motion for a new trial. The trial court denied the motion because it was untimely, and concluded there was sufficient evidence that Fasaga possessed a firearm and the Colt .45 firearm was operational on May 11, 2018. Fasaga appeals.

II

Fasaga argues the State presented insufficient evidence he exercised dominion and control over a firearm.  He also assigns error to findings of fact and conclusions of law on that same basis.

Due process requires the State to prove beyond a reasonable doubt every element of a crime.  State v. Rodriquez, 187 Wn. App. 922, 930, 352 P.3d 200 (2015).  In reviewing a claim for insufficient evidence, we consider " 'whether, after viewing the evidence in the light most favorable to the prosecution, *any rational trier of fact* could have found the essential elements of the crime *beyond a reasonable doubt.*' "  State v. Green, 94 Wn.2d 216, 221, 616 P.2d 628 (1980) (emphasis added) (quoting Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)), overruled on other grounds by Washington v. Recuenco, 548 U.S. 212, 126 S. Ct. 2546, 165 L. Ed. 2d 466 (2006).  In a sufficiency of the evidence claim, the defendant admits the truth of the State's evidence and all inferences that reasonably can be drawn from that evidence.  State v. Colquitt, 133 Wn. App. 789, 796, 137 P.3d 892 (2006).  We defer to the finder of fact on issues of witness credibility, persuasiveness, and conflicting testimony.  In re Pers. Restraint of Martinez, 171 Wn.2d 354, 364, 256 P.3d 277 (2011).  The sufficiency of the evidence is a question of constitutional law that we review de novo.  State v. Rich, 184 Wn.2d 897, 903, 365 P.3d 746 (2016).

Roughly 34 years after Green, our Supreme Court issued its opinion in State v. Homan and applied a standard different than Green to review a sufficiency

challenge to a conviction by a judge after a bench trial. 181 Wn.2d 102, 105-06, 330 P.3d 182 (2014). Specifically, the court said that "following a bench trial, appellate review is limited to determining whether substantial evidence supports the findings of fact and, if so, whether the findings support the conclusions of law."

Id. "However, the Homan court did not explain that it was overruling the precedent set out in Green . . . and '[i]t is a longstanding principle that when our Supreme Court has expressed a clear rule of law, it will not overrule such binding precedent sub silentio.' " State v. Roberts, 32 Wn. App. 2d 571, 586, 553 P.3d 1122 (2024) (second alteration in original) (internal quotation marks omitted) (quoting State v. I.J.S., No. 82559-3-I, slip op. at 6 (Wash. Ct. App. Mar. 14, 2022) (unpublished), https://www.courts.wa.gov/opinions/pdf/825593.pdf), review granted in part, 4 Wn.3d 1009, 564 P.3d 547 (2025). We begin with the Green standard, and in an abundance of caution apply Homan in addition.

A

Under the Jackson standard, we "review *all of the evidence*" in the light most favorable to the State to determine whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." 443 U.S. at 319.

To convict Fasaga of unlawful possession of a firearm in the first degree, the State must prove beyond a reasonable doubt that Fasaga owned, accessed, had in his custody, control, or possession, or received any firearm and that he had

previously been convicted or found not guilty by reason of insanity in this state or elsewhere of any serious offense. RCW 9.41.040(1)(a). "Possession may be actual or constructive, and constructive possession can be established by showing the defendant had dominion and control over the firearm or over the premises where the firearm was found." State v. Echeverria, 85 Wn. App. 777, 783, 934 P.2d 1214 (1997). For either type, "[t]o establish possession the prosecution must prove more than a passing control; it must prove actual control." State v. Staley, 123 Wn.2d 794, 801, 872 P.2d 502 (1994). The length of time in itself does not determine whether control is actual or passing; whether one has actual control over the item at issue depends on the totality of the circumstances presented. Id. at 802.

Donnelly testified that on May 12, 2018, Fasaga had, and fired, a .45 pistol while at 415 View Ridge Road. Fasaga argues that because the trial court acquitted Fasaga of the murder charges in part due to Donnelly's credibility, Donnelly's testimony in its entirety was not credible. However, in its oral ruling, the trial court articulated certain parts of Donnelly's testimony it did not find credible, and stated it found "some of [Donnelly's] testimony to be credible." A trier of fact may believe part of a witness's testimony and disbelieve another part of that same testimony. Butler v. Ringrose, 170 Wash. 211, 213, 15 P.2d 1117 (1932). The trier of fact makes credibility determinations and we do not review those

determinations on appeal. State v. Thomas, 150 Wn.2d 821, 874, 83 P.3d 970 (2004).

Relying on State v. Shumaker, 142 Wn. App. 330, 334, 174 P.3d 1214 (2007), Fasaga argues the evidence of his dominion and control over the premises is insufficient to establish that he had dominion and control of a firearm. However, his reliance on Shumaker is misplaced. In Shumaker, the issue was whether the court's instructions to the jury were wrong because the jury could find the defendant guilty based solely on dominion and control over the premises rather than the drugs. Id. at 333. We concluded that the instruction was erroneous, noting that dominion and control over the premises without more does not mandate a conclusion of constructive possession of contraband found on the premises— rather, it "is only one of the circumstances from which constructive possession can be inferred by the jury." Id. at 334.

Here, Fasaga contends the evidence is insufficient because the State has shown dominion and control only over the premises, not the firearm. However, in State v. Cantabrana, 83 Wn. App. 204, 208, 921 P.2d 572 (1996), this court noted the distinction between instructional error and claims of insufficient evidence:

> When the sufficiency of the evidence is challenged on the basis that the State has shown dominion and control only over premises, and not over drugs, courts correctly say that the evidence is sufficient because dominion and control over premises raises a rebuttable inference of dominion and control over the drugs.

Here, the totality of the circumstances allowed any rational trier of fact to permissively conclude that Fasaga had dominion and control over the firearm. The evidence shows that Fasaga had dominion and control over 415 View Ridge Road.

7

Fasaga lived at the property, the property was titled in Fasaga's name, Fasaga kept vehicles and his dogs at the property, he installed cameras on the property for security, and he gave permission for detectives to enter the property in March 2019. This, in turn, permitted the trier of fact to draw the inference of dominion and control over the firearm that Donnelly testified was at the property. Fasaga also testified that he was aware there were semi-automatic firearms at the property, he had access to the firearms, and he could have been able to use them at any time. Viewing these facts in favor of the State, any rational trier of fact could find beyond a reasonable doubt that Fasaga possessed a firearm.[2]

B

According to Homan, the scope of our review is "limited to determining whether substantial evidence supports the findings of fact and, if so, whether the findings support the conclusions of law." 181 Wn.2d at 105-06. Substantial evidence is evidence that would convince an unprejudiced, thinking mind of the truth of the fact to which the evidence is directed. State v. Hutton, 7 Wn. App. 726, 728, 502 P.2d 1037 (1972). The existence of a fact cannot rest on guess, speculation, or conjecture. Id. We accept unchallenged findings of fact as true.

_____

[2] Fasaga also assigns error to numerous findings of fact and conclusions of law from the trial court's order denying the motion to arrest judgment. A motion to arrest judgment challenges the sufficiency of the evidence to take the case to the jury. State v. Randecker, 79 Wn.2d 512, 515, 487 P.2d 1295 (1971). An appellate court's only function is to determine whether the evidence is legally sufficient to support the finder of fact's verdict. State v. Pleasant, 38 Wn. App. 78, 80, 684 P.2d 761 (1984). In ruling on such a motion, we must assume the truth of the State's evidence and view it most strongly against the defendant in a light most favorable to the State. Id. Because we conclude there was sufficient evidence to support Fasaga's conviction, we do not reach these findings.

State v. Luther, 157 Wn.2d 63, 78, 134 P.3d 205 (2006). We review de novo the trial court's conclusions of law to determine if they are supported by the findings of fact. State v. Manion, 173 Wn. App. 610, 633, 295 P.3d 270 (2013).

Fasaga challenges finding of fact 1.3, which states, "The defendant was the principal resident at [415 View Ridge Road], exercising control over the activities therein." Unchallenged finding of fact 1.1 states Fasaga lived at 415 View Ridge Road. Other evidence established that the property was titled in Fasaga's name, Fasaga kept his vehicles and dogs at the property, he installed cameras on the property for security, and he gave permission for detectives to enter the property in March 2019. This evidence is sufficient to persuade a rational trier of fact of the finding's truth. Substantial evidence supports the trial court's finding of fact 1.3.

Fasaga challenges finding of fact 1.14, which states, "The Colt .45 firearm was located at the 415 [View Ridge] Road premises while the Defendant had dominion and control over those premises on or about May 11, 2018." Unchallenged findings of fact 1.1 and 1.2 state Fasaga lived at 415 View Ridge Road on or about May 11, 2018. Donnelly testified that on May 12, 2018, Fasaga had, and fired, a .45 pistol while at 415 View Ridge Road. This evidence is sufficient to persuade a rational trier of fact of the finding's truth. Substantial evidence supports the trial court's finding of fact 1.14.

Fasaga challenges conclusion of law 2.2, which states, "On or about May 11, 2018, the defendant knowingly had in his possession a firearm." Finding of fact 1.14, which we found to be supported by substantial evidence, states the Colt

9

.45 firearm was located at the 415 View Ridge Road property while Fasaga had dominion and control over the premise on or about May 11, 2018. Fasaga's dominion and control over the property among other facts noted above permitted an inference of dominion and control over the firearm. Conclusion of law 2.2 is supported by the trial court's findings of fact.

Affirmed.

_Birk, J._

WE CONCUR:

_Chung, J._