MIKE HYCHKA *vs.* DOMENICO BECCIA.

Third Judicial District, New Haven, January Term, 1926.

WHEELER, C. J., CURTIS, MALTBIE, HAINES and HINMAN, Js.

After the defendant's appeal from a judgment of the City Court in favor of the plaintiff, and before the opening of the trial to the jury, it was within the discretion of the District Court of Waterbury, under §§ 5664 and 5666 of the General Statutes, to permit the plaintiff to amend his complaint.

Paragraphs of pleadings, which have been amended, or of motions for amendment which have been partially denied, may properly be left in the file and sent to the jury room, where the trial court cautions the jury to disregard them and especially where, as in the present case, they have been marked with the word "out."

If the defendant cross-examines the plaintiff with respect to the original allegations of an amended paragraph of the complaint, he is in no position to complain of the trial court's reference to such allegations in its charge to the jury.

The evidence in the present case examined and *held* to support a verdict for the plaintiff to recover a commission for the sale of the defendant's real estate.

Argued January 27th—decided March 4th, 1926.

ACTION to recover a commission for the sale of defendant's real estate, brought to the City Court of Waterbury and thence by the defendant's appeal to the District Court of Waterbury, where the case was tried to the jury before *Makepeace, J.;* verdict and judgment for the plaintiff, and appeal by the defendant. *No error.*

*Frank P. McEvoy,* for the appellant (defendant).

*Charles W. Bauby,* for the appellee (plaintiff).

HAINES, J. The original complaint, in five paragraphs, was to the effect that on or about April 1st, 1924, the defendant requested the plaintiff to sell his

property, No. 66 Inman Avenue, Waterbury, for him, for $8,500, the defendant to receive $4,000 cash, being the amount of the equity; that the parties agreed that the plaintiff should receive for his services a commission of three per cent. on the sale price; that on or about May 17th, 1924, the plaintiff, after much effort and expense, procured a customer ready, able and willing to buy the property on these terms, but the defendant then refused to sell to this customer. All of these allegations were denied in the answer, except that of ownership by the defendant.

After judgment for the plaintiff in the City Court and appeal by the defendant, and before the opening of the trial to the jury in the District Court, plaintiff, in a motion containing three paragraphs, moved to amend paragraphs two, four and five of his complaint, which motion was opposed by the defendant. The court allowed the amendment of paragraph two of the complaint, but denied that of paragraphs four and five. This was an allowance of paragraph one of the motion, and a denial of paragraphs two and three. The paper was then filed as it stood, save that the court required paragraphs two and three of the motion and the original paragraph two of the complaint, to be each marked with the word "out," which was correctly done.

In the charge to the jury, the court said: "You will pay no attention to paragraphs two and three of the amendment of the complaint,—all those three you will find marked in pencil with the word 'out' at the side of them. . . . You will pay no attention to paragraph two of the original complaint, except as it was brought into evidence by the cross-examination of the plaintiff." This was clear and explicit and left no chance for mistake by any intelligent juryman.

The court had ample discretion to allow the amendment when and as it did, and that discretion appears

to have been fairly exercised. General Statutes, §§ 5664, 5666; Practice Book, pp. 45, 46.

It is common and proper practice to permit the original of amended pleadings to remain in the file, as paragraph two of the original complaint was left. The paper containing the motion, two paragraphs of which were disallowed, stood upon the same basis. The only objection which could be made to such procedure, in any event, was that it might mislead the jury. This was fully met, however, by the explicit directions given them by the court, and any possible remaining uncertainty was removed by having the original paragraph two of the complaint and paragraphs three and four of the motion, marked with the word "out."

The reference in the statement quoted from the charge, to the bringing of the original paragraph two of the complaint into the cross-examination, manifestly referred to the difference between the allegations of that paragraph and of the one which took its place. This cross-examination was by the defendant's counsel, and the suggestion by the court that the jury could consider that cross-examination, certainly furnishes the defendant no ground of complaint.

This disposes of the four so-called "additional reasons" of appeal, and there remains only that for the refusal of the court to set aside the verdict, on the ground that it was "against the evidence."

An examination of the transcript of the evidence shows sharp conflict and contradictions between the witnesses for the respective parties. It was for the jury to determine the truth from a consideration of all this evidence coupled with their observation of the witnesses themselves.

The finding details the facts which the plaintiff offered evidence to prove and claimed to have proved, and a reading of the transcript satisfies us that the

jury could reasonably have found the facts claimed by the plaintiff, from the evidence before them. On such facts thus established, the plaintiff was clearly entitled to the benefit of the verdict which the jury rendered.

There is no error.

In this opinion the other judges concurred.