## STATE OF CONNECTICUT *v.* RICHARD W. LaDUKE

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. MV 12-13149

Argued December 16, 1963—decided March 23, 1964

*Stewart J. Stowell,* of East Hartford, for the appellant (defendant).

*F. Joseph Paradiso,* assistant prosecuting attorney, for the appellee (state).

DEARINGTON, J. In a trial to the court, the defendant was convicted of operating a motor vehicle while his operator's license was under suspension, in violation of § 14-215 of the General Statutes. He

assigns error in the court's conclusion that upon all the evidence guilt was established beyond a reasonable doubt. Since the defendant assigned error upon this claim, no finding was necessary. Practice Book, 1963, § 995.

From the evidence, much of which was conflicting, the court could reasonably have found the following facts: An officer of the East Hartford police department was traveling in a northerly direction on Main Street while on cruiser patrol duty on September 9, 1963, around 6 p.m. The day was sunny and visibility was good. He observed a motorcycle approaching him, occupied by two men. The defendant was sitting in front and had his hands on the "grippers" or handlebar of the motorcycle. The cycle had one seat or saddle, and the other occupant, Phillip Jacques, was sitting in back of the defendant. The officer first observed the cycle at a distance of 150 feet. The defendant's legs were spread-eagled. As the officer approached the cycle, it stopped and the defendant swung his legs over, got off and got on again in back of Jacques. The cycle made a U-turn, and just as the turn was completed the cycle was stopped by the officer. At the time the U-turn was commenced, the officer was some seventy-five feet from the cycle. The officer placed the defendant under arrest for operating a motor vehicle while his operator's license was under suspension. It was stipulated at the trial that the defendant's license was under suspension at the time of his arrest. While sitting in the police cruiser, the defendant asked the officer "for a break." When the officer refused to yield to such solicitation, the defendant called him a vile name and jumped out of the cruiser. A scuffle ensued, the defendant swung at the officer, and both fell to the ground. While the officer and the defendant had been sitting in the cruiser, Jacques had ap-

proached and stated that he, Jacques, had been operating the cycle from his position behind the defendant; the defendant had said, "Look, who are you trying to kid?" and Jacques had walked away. The officer had little knowledge or experience with the mechanical operation of a motorcycle.

The defendant and Jacques both testified that the defendant was sitting on the gasoline tank in front of Jacques with his hands on the center of the handlebar. They further testified that Jacques was operating the cycle and that the defendant was sitting in such a position that both his legs were on the same side.

Under his assignment of error, the defendant raises two basic claims. First, that because of the distance involved when the defendant was first seen, the officer could not have unmistakenly observed whether the defendant was actually operating the motorcycle, and second, since the officer admitted he was not familiar with the mechanical controls of a motorcycle, the trier could not have reasonably determined who was operating the cycle.

The defendant cites two cases to support his contentions. In *Whitt* v. *Commonwealth,* 189 Va. 63, the defendant was convicted of operating while his license was under suspension. The state's evidence consisted solely of the testimony of an officer sitting in a parked vehicle at a distance of some eighty feet from the car in question on a dark night. The officer claimed he saw the accused get out of the left side door of the car. He further testified that there were no other occupants in the car. The officer made no further investigation or inquiry, nor did he make an arrest. There was credible evidence that two other people occupied the car, one of whom claimed to be the operator. The conviction was reversed on the ground that there was a reason-

able doubt as to the guilt of the accused, based on this evidence. The facts in that case do not parallel the facts in the instant case, for in this case it was a sunny day and the officer testified to facts well within his power of observation. Furthermore, he had immediately made an investigation, followed by the arrest of the defendant. In *State* v. *Williams,* 141 Wash. 165, the defendant was convicted of the crime of driving while intoxicated. An officer observed a truck strike a car, gave chase to the truck and finally stopped it. Two men were in the truck, and the first to alight escaped. The officer arrested the remaining man. The officer testified that he had no knowledge as to which of the two men was operating the truck, and the state produced no other evidence of operation. The conviction was reversed on the ground that the judgment was based on surmise and conjecture. In the instant case, there was evidence relating to operation. The officer first saw the defendant at a distance of some 150 feet, and since both vehicles were approaching each other the intervening distance progressively decreased. The day was sunny and bright, and there was no evidence of any obstruction between the officer and the cycle. Furthermore, the occupants of the cycle were not enclosed. What the officer saw under such conditions could hardly be said to be based on surmise and conjecture.

The vital claim of the defendant is that the evidence was not sufficient to warrant the conclusion that he was actually operating the cycle. The evidence indicated that the officer had no knowledge as to the mechanical operation of the cycle, that is, the operation of the accelerator, clutch and brakes. There was evidence, however, that the gasoline control was on the left part of the handlebar, that the brake was operated from the right part of the handlebar, and that the clutch was

operated by the left foot. In *Reetz* v. *Mansfield,* 119 Conn. 563, 567, it was held that a vehicle is naturally presumed to be under the control of the person who is behind the steering wheel, or as in the instant case, behind the handlebar, although such a presumption is not conclusive. The position of the defendant when he was first observed by the officer was immediately behind the steering apparatus, and he had his hands on the handlebar or, as the officer described it, on the "grippers," with his legs spread-eagled. Thus, the presumption operated in favor of the state, subject, of course, to rebuttal evidence. While it is true that the defendant denied operation and offered countervailing evidence, it is also true that it is for the trial court, in considering the evidence, particularly when it is of a conflicting nature, to determine the truth from the consideration of all the evidence, coupled with the court's observation of the witnesses themselves. *Hychka* v. *Beccia,* 104 Conn. 297, 299. The trier was under no compulsion to accept the defendant's version when there was credible evidence to the contrary. *State* v. *Coulombe,* 143 Conn. 604, 608. The effect of the cumulative evidence, such as the position of the defendant on the cycle, the changing of seating positions as the officer approached, the U-turn, the behavior of the defendant when he was arrested and his verbal admissions, together with the status of his operator's license, was such that we cannot hold that the trial court committed error in concluding that upon all the evidence, including the reasonable inferences the court was entitled to make, the defendant was guilty as charged beyond a reasonable doubt.

There is no error.

In this opinion Pruyn and Levine, Js., concurred.