(132 So. 606)

### UNDERWOOD v. STATE.
### 8 Div. 294.

Court of Appeals of Alabama.
Feb. 24, 1931.

Henry D. Jones, of Russellville, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

BRICKEN, P. J.

This appellant was indicted, tried, and convicted of the offense of driving a motor vehicle upon the public highway while under the influence of intoxicating liquor, etc.

We have carefully read all the evidence adduced upon the trial of this case in the court below, and are at a loss to understand how a verdict of guilty could be rested upon such evidence. Nowhere during the trial was there any evidence tending to sustain the charge. Without dispute, the evidence disclosed that this appellant, defendant below, was sitting on the front seat of a model T Ford car which was standing partly in the road, but there was no evidence that he drove the car or in any way attempted to do so. The evidence for the state showed conclusively to the contrary, and that the accused never drove the car at all, never attempted to do so, and that the automobile in question remained stationary and was not driven or operated by any one during the time complained of. There was some evidence tending to show the accused appeared to have been drinking at the time he was arrested, but none whatever that he operated the car in question or that he made the slightest attempt to do so.

■ Numerous exceptions were reserved, but there is no necessity to discuss them. Under this evidence the conviction of this appellant was without authority of law and wrongful. The court erred to a reversal in denying the motion for a new trial.

In the case of Carey et al. v. State ex rel. Almon, 206 Ala. 351, 89 So. 609, there is some analogy to the case at bar. In that case the action was a bill of complaint by the state seeking to condemn an automobile because used in transporting prohibited liquors. On appeal, the Supreme Court, through Mr. Justice Miller, said: "The car is standing still; defendants place the whisky therein; it is not moved thereafter before the car and whisky are seized and the defendants arrested by an officer of the law. The whisky is not conveyed in the car; the whisky is not transported in the car by them, or either of them. The car is not moved by either defendant from one point to another point with the whisky. It is stationary. The car must be used in illegally conveying the whisky from one point to another before it can be forfeited. There can be no conveying or transporting by a car of whisky without some movement of the car. There can be no conveying or transporting of whisky by a car from one point to or toward another point in Alabama, without any movement of the car." See, also, Frazier v. State, 203 Ala. 276, 82 So. 526.

■ There is no construction of the English language, with which we are familiar, to the effect that an automobile is being operated or driven, as here held in the court below, when the entire evidence, without dispute or conflict, disclosed that the car was stationary during the entire time and was not moved or attempted to be moved.

The operation, or driving, of the motor vehicle in question was an essential ingredient of the offense charged against the defendant in this case, and upon the prosecution rested the burden to prove this, the measure of proof being, as in all criminal cases, beyond a reasonable doubt. This the state failed to do, and such failure as a matter of law entitled the accused to his discharge. The trial court erred in holding otherwise.

Reversed and remanded.