The appellant was convicted in the district court of Houston County for the offense of driving while under the influence of alcohol or controlled substances, § 32-5A-191, Code of Alabama 1975, as adopted by an ordinance of the Town of Kinsey, Alabama. An appeal was then taken to the circuit court of the county, wherein a trial was had without a jury. Appellant was convicted of the offense and appeals that conviction.
The appellant alleges that the State's evidence was not sufficient to prove the elements of the offense charged. We agree.
Kinsey Police Chief Franklin D. Sopuch testified that while on patrol on May 2, 1981, he saw an automobile parked on a median strip between the north and south bound lanes of U.S. 431. The appellant was alone, sitting on the driver's side of the front seat, leaning across the passenger's side of the automobile. Appellant was removed from the vehicle and taken to the Houston County Jail, where Chief Sopuch administered an approved test of assessing intoxication, which recorded appellant's alcohol level in his blood as .19.
Appellant admitted that he had been drinking, but denied operating the automobile. He testified that the car was out of gas, and that his son, the driver, had walked to get gasoline at the nearest open service station. He testified that his son had the keys to the car and that the car would not operate without keys.
The police chief acknowledged that the appellant had no keys to the car at the time of his arrest, and that he at no time saw the car being driven by the appellant.
There was no evidence presented that any attempt was made to start the car. It was impounded and towed by a wrecker later that night.
The statute the appellant was arrested under is part of the "Rules of the Road Act," which became effective August 17, 1980. An interpretation of the wording of that statute is requested of this court in this appeal. This issue presented for review is one of first impression for this court.
The present law prohibiting driving under the influence is §32-5A-191. This statute was preceded by § 32-5-170, Code of Alabama 1975, which was similar to the statute in the earlier 1940 Code, Title 36, § 2.
These two earlier statutes prohibited "driving" while intoxicated (or "under the influence"), while the current statute provides that "A person shall not drive or be in actualphysical control of any vehicle [while intoxicated]. . . ." (Emphasis added.) (Statutes cited supra.)
The cases interpreting the earlier statute had established the rule that before an accused could be convicted of the offense, he must, at the time and place charged, have been driving while intoxicated. Gamble v. State, 36 Ala. App. 581,60 So.2d 696 (1952).
In the case of Underwood v. State, 24 Ala. App. 191,132 So. 606 (1931), the Alabama court clearly spelled out the meaning of "driving" or "operating" a vehicle in a similar fact situation under the prior law.
 "We have carefully read all the evidence adduced upon the trial of this case in the court below, and are at a loss to understand how a verdict of guilty could be rested upon such evidence. Nowhere during the trial was there any evidence tending to sustain the charge. Without dispute, the evidence disclosed that this appellant, defendant below, was sitting on the front seat of a model T Ford car which was standing partly in the road, but there was no evidence that he drove the car or in any way attempted to do so. *Page 703 
The evidence for the state showed conclusively to the contrary, and that the accused never drove the car at all, never attempted to do so, and that the automobile in question remained stationary and was not driven or operated by any one during the time complained of. There was some evidence tending to show the accused appeared to have been drinking at the time he was arrested, but none whatsoever that he operated the car in question or that he made the slightest attempt to do so."
The question here to be decided is whether the evidence adduced at trial sufficiently proves appellant was in "actual physical control" of the automobile in an intoxicated state, as prohibited by the present statute. The rule of the Underwood
case above, and the statute on which it is based, are no longer in effect.
Other states have similarly worded statutes, and it is appropriate that we look to their experience in interpreting this wording under similar fact situations. The question presented is how "actual physical control" is distinguished from "driving or operating" a vehicle.
In Arizona, a defendant was found drunk and asleep with his head and arms on the steering wheel of his truck, which was sitting in a traffic lane on the street with its lights on and motor running. As in the instant case, the state's DUI statute had recently been amended to include a prohibition against being in "actual physical control" of a vehicle while intoxicated. The court there said that the change in the statute was intended to broaden its coverage to include persons having control of a vehicle while not actually driving it or having it in motion. State of Arizona v. Webb, 78 Ariz. 8,274 P.2d 338 (1954).
The Arizona court in Webb stated that the defendant had, of his own choice, placed himself behind the wheel and had started the motor or allowed it to run, and therefore had physical control of the vehicle, although it remained motionless.
An Ohio court, interpreting this same wording, affirmed a conviction in a case where the defendant had pulled over on the roadside, and was asleep with the motor running. In that opinion, the court defined "control" as the ability to "exercise directing influence over" and "the authority to manage." State of Ohio v. Wilgus, 31 Ohio Op. 443 (1945).
The facts in these cases are distinguished from the facts in the instant case in that, in this case, the automobile was neither moving nor running. In fact, there was undisputed evidence that appellant had no keys in his possession.
Chief Sopuch testified that it appeared to him that a toggle switch installed next to the steering wheel would engage the car without a key, but appellant testified that while there had been a switch installed in a repair of the car's starter system, the car would not function without a key. Chief Sopuch admitted that he did not attempt to start the car without the key. It is a rare vehicle that is operational without a key of some kind. Chief Sopuch's statement that the car was operational without a key was not corroborated by either (1) an attempt to start the car at the scene, or (2) other testimony at trial.
"Actual physical control" is exclusive physical power, and present ability, to operate, move, park, or direct whatever use or non-use is to be made of the motor vehicle at the moment.State v. Purcell, 336 A.2d 223 (Del.Super.Ct. 1975).
Using the term in its composite sense, it means "existing or present bodily restraint, directing influence, domination or regulation." Parker v. State, 424 P.2d 997 (Okla.Cr.App. 1967);State v. Ruona, 133 Mont. 243, 321 P.2d 615 (1958).
We conclude that the following are the necessary elements to establish that one is in physical control of a vehicle under the provisions of Code § 32-5A-191, supra:
1. Active or constructive possession of the vehicle's ignition key by the person charged or, in the alternative, proof that such a key is not required for the vehicle's operation; *Page 704 
2. Position of the person charged in the driver's seat, behind the steering wheel, and in such condition that, except for the intoxication, he or she is physically capable of starting the engine and causing the vehicle to move;
3. A vehicle that is operable to some extent.
It logically follows that any act of control requires an object (here, the automobile) that is subject to that control. In this case, there was insufficient evidence of appellant's ability to manifest control of the automobile in accordance with the above criteria. Consequently, the judgment of the circuit court of Houston County is reversed, and under the holding of Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141,57 L.Ed.2d 1 (1978), the cause is rendered.
REVERSED AND RENDERED.
All the Judges concur.