This appeal is from a conviction of driving under the influence of a controlled substance. The appellant was sentenced to one year in the county jail. This conviction results from a de novo jury trial in the circuit court.
At the appellant's trial, Houston County deputy sheriff Jerry Hunt testified that on the night of November 14, 1981, he observed an automobile parked on the shoulder of Highway 84 seven miles west of Dothan. The car's engine was not running but its headlights were on. Deputy Hunt approached the car and found the appellant seated behind the wheel with his head down as if he were asleep. A girl was lying on the front seat with her head in the appellant's lap. The keys were in the ignition.
Deputy Hunt aroused the appellant by tapping on the window several times; he then asked appellant for identification, and requested him to step out of the car. Deputy Hunt testified that the appellant was unsteady on his feet and that his speech was slurred. The officer charged the appellant with driving under the influence of alcohol, and transported him to the county jail. The charge was later changed to driving under the influence of a controlled substance.
After taking the automobile to the sheriff's office, officers made a routine inventory search which uncovered a plastic bag containing green vegetable material identified as marijuana, a partially burned hand-rolled cigarette also identified as marijuana, and twenty-five small white pills identified as quaaludes, a controlled substance.
A photoelectric intoximeter (P.E.I.) test was administered to the appellant, indicating a blood alcohol content of .04 percent. A laboratory analyst from the State Department of Forensic Science testified at trial that the consumption of quaaludes will cause one's speech to be slurred, make body control difficult, and cause sleepiness. He also testified that when alcohol is taken in combination with such depressant drugs, the effects of both drugs are compounded.
 I
The appellant's first argument in support of reversal is that his arrest was unlawful because Deputy Hunt, the arresting officer, had not completed the minimum training requirements prescribed by the Peace Officers Standards and Training Act. This act provides that peace officers shall have completed 240 hours of formal police training at the time of their employment or within nine months thereafter, and should an officer fail to complete such training, his appointment as a peace officer shall be null and void. Section 36-21-46, Code of Alabama 1975.
It is undisputed that Deputy Hunt had not completed the required training although he had served as a deputy for more than a year at the time of appellant's arrest. It follows that his appointment as a deputy was a nullity at the time he arrested the appellant. This fact, however, does not render the appellant's arrest unlawful, for the law recognizes that one who acts without authority but under color of right is a defacto officer, and the official acts of a de facto officer are valid. Malone v. State, 406 So.2d 1060 (Ala.Cr.App. 1981). Deputy Hunt was acting under color of right and his arrest of the appellant was valid as an official act of a de facto
officer.
 II
The appellant's next claim of error is that the evidence is insufficient to support the conviction. Specifically, the appellant contends that the state failed to prove that he operated the vehicle or that he was in actual physical control of it. The appellant was charged and convicted under Section32-5A-191, Code of Alabama 1975, which *Page 1226 
makes it unlawful for a person to "drive or be in actual physical control of any vehicle" while under the influence of alcohol or drugs. The appellant's conviction under this section can be sustained by sufficient proof that the appellant either was driving or was in actual physical control of the vehicle. While proof may be lacking that the appellant drove the vehicle on the occasion in question, the evidence is sufficient and convincing that he was in actual physical control of it. The elements of proof necessary to establish actual physical control were enumerated recently by this court as follows:
 "1. Active or constructive possession of the vehicle's ignition keys by the person charged or, in the alternative, proof that such a key is not required for the vehicle's operation;
 "2. Position of the person charged in the driver's seat, behind the steering wheel, and in such condition that, except for the intoxication, he or she is physically capable of starting the engine and causing the vehicle to move; and
"3. A vehicle that is operable to some extent."
Key v. Town of Kinsey, 424 So.2d 701 (Ala.Cr.App. 1982). Each of these elements was proved in the present case by substantial evidence.
 III
The appellant's final ground for attacking his conviction is that the arrest was unlawful because (1) Deputy Hunt did not have probable cause to approach the stopped automobile and (2) Deputy Hunt did not see an offense committed in his presence.
Whether an officer must have probable cause to believe that an individual has committed an offense in order to approach that individual in the manner established by the facts of this case was addressed by this court in Atchley v. State,393 So.2d 1034, 1044 (Ala.Cr.App. 1981) wherein the court stated:
 "Our reading of the facts in the instant case leads us to the conclusion that appellant was not `stopped' or seized within the meaning of the Fourth Amendment . . . at the point when the officers approached him as he slept in the parked car and asked him for identification and questions as to his activities. There is no concrete indication that the officers physically pulled the appellant out of the car or grasped him in such a manner as to prevent him from leaving the scene. And, while the tone of Officer Yarbrough's voice is, of course, unclear from the record, it does appear that he was only requesting appellant to produce some identification, and explain why he was sleeping in a parked car on a downtown street after midnight. There were certainly no weapons produced by the officers, and indeed the only real show of authority by them appears to have been that they were dressed in their official uniforms. Under these circumstances, we hold that there was no `stop' or seizure, but a reasonable inquiry under the circumstances shown by this record."
We hold that Deputy Hunt's initial encounter with the appellant was not a stop or seizure and that no probable cause was necessary. During this encounter, Deputy Hunt observed the commission of an offense in his presence; that is, the deputy observed the appellant's actual physical control of a vehicle while under the influence of alcohol or drugs. Under these circumstances, the appellant's arrest was lawful and proper.
The court having considered the appellant's claims of error and finding the claims to be without merit, IT IS ADJUDGED that the conviction should be, and it is hereby, affirmed.
The foregoing opinion was prepared by the Honorable Randall L. Cole, Circuit Judge, temporarily on duty on the court pursuant to § 12-2-30 (b)(6), Code of Alabama 1975; the court has adopted his opinion as its own.
AFFIRMED.
All the Judges concur. *Page 1227