Appellant, Gilbert Edward Loftin, seeks review of his March 30, 1984, conviction in the Montgomery Circuit Court for driving while under the influence of alcohol, § 32-5A-191, Code of Alabama 1975. We will discuss the facts of this case in conjunction with the facts of another similar case appellant has pending before this court. See Loftin v. City ofMontgomery, 480 So.2d 606 (Ala.Crim.App. 1985). The case presently under consideration will be referred to as Loftin I; the second case shall be referred to as Loftin II.
 Lofton I
On August 24, 1983, appellant was arrested for driving while under the influence (D.U.I.). He was found guilty as charged by the Montgomery Municipal Court on September 12, 1983. Appeal was taken to the Montgomery Circuit Court, where appellant was found guilty, after a trial by jury, on March 24, 1984.
 Loftin II
On October 26, 1983, appellant was arrested for D.U.I. He was found guilty as charged by the Montgomery Municipal Court on December 27, 1983. Appeal was taken to the Montgomery Circuit Court, where appellant was found guilty, after a trial by jury, on February 8, 1984.
Confusion arises in these cases due to the second offense being tried before the first offense. We will attempt to sort out the confusion created by this disjointed state of affairs.
The facts of Loftin I and II are almost identical, save the date of the events, as noted above. On August 24, 1983, Montgomery Police Officers William J. Keel and William J. Cagle observed appellant's yellow truck on the side of the road near Dannelly Field on Highway 80. The truck was stopped, with the two driver's side wheels on the pavement. The officers discovered appellant "slumped on the steering wheel", the engine was running; appellant's foot was apparently on the clutch; and the gearshift was in the neutral position. Appellant was awakened by the officers and was given a series of tests to determine his state of intoxication. Appellant failed the field tests and was placed under arrest. Appellant was taken to the police station where a G.C.I. test was administered which substantiated appellant's state of intoxication.
In Loftin II, an identical fact pattern was present, i.e., appellant was found in the same truck, at the same location, in the same condition, slumped over the steering wheel, with the engine running and the shift in the neutral position. Appellant was awakened and given a field test, which he failed and was placed under arrest. Appellant *Page 605 
refused to take a breath test on this occasion.
In Loftin I (which was tried in the Circuit Court afterLoftin II) appellant did not testify; however, appellant did testify in Loftin II. In Loftin II appellant stated that he traveled a great deal in his occupation as a dental equipment repairman. On the occasion of his second arrest he had worked late and stopped off at the "Full House", presumably a local bar, and consumed an undeterminable amount of alcohol. Appellant departed around 1:00 a.m., drove about five miles, and "pulled off" the highway because he became "extremely sleepy." Appellant stated he pulled off the road onto the gravel; he left the truck running and the heater on because of the cool night air. Appellant maintained that he was more sleepy than intoxicated at the time he pulled off the highway. Around 4:20 a.m., Police Officers Keel and Cagle approached the truck and awakened appellant. They asked appellant to perform certain field tests, which he failed because he was still sleepy; forced to look into the patrol car's headlights; did not have a jacket and was therefore cold; was wearing high-heeled cowboy boots and performing tests on loose gravel; and forced to do tests in a very narrow space between his truck and the patrol car. Appellant testified that on November 3, 1983, he had entered Brookwood Lodge, an alcoholism treatment program, for thirty-five days, in order to keep an incident like this from happening again. Appellant did not admit that he was an alcoholic, but contended that the program taught him that he could stop drinking. According to appellant, he had only had one drink since he left the program.
 I
Appellant first questions the state's proof of "actual physical control" of the vehicle as required by § 32-5A-191, supra, which states in pertinent part as follows:
 "A person shall not drive or be in actual physical control of any vehicle while . . ." (emphasis ours).
The facts of the case at bar are similar to the facts of Spannv. State, 440 So.2d 1224 (Ala.Crim.App. 1983), where this very question was addressed. In Spann, the defendant was found parked on the shoulder of the road, the engine was not running but the headlights were on, defendant was "seated behind the wheel with his head down as if he was asleep," and the keys were in the ignition. This court stated:
 "The appellant's conviction under this section can be sustained by sufficient proof that the appellant either was driving or was in actual physical control of the vehicle. While proof may be lacking that the appellant drove the vehicle on the occasion in question, the evidence is sufficient and convincing that he was in actual physical control of it. The elements of proof necessary to establish actual physical control were enumerated recently by this court as follows:
 "1. Active or constructive possession of the vehicle's ignition keys by the person charged or, in the alternative, proof that such a key is not required for the vehicle's operation;
 "2. Position of the person charged in the driver's seat, behind the steering wheel, and in such condition that, except for the intoxication, he or she is physically capable of starting the engine and causing the vehicle to move; and
"3. A vehicle that is operable to some extent."
Spann, at 1226 (emphasis added) (quoting Key v. Town of Kinsey,424 So.2d 701 (Ala.Crim.App. 1982)). We find, as did the court in Spann, that each element of "actual physical control" was supported by substantial evidence.
 II
Appellant maintains that the state failed to properly prove his prior convictions. At the sentencing hearing, with appellant present, appellant's attorney admitted that appellant had been convicted of two D.U.I. charges before the time of sentencing. In fact the record discloses that the prior convictions were rendered before *Page 606 
the sentencing judge in the instant case. In Donahay v. State,287 Ala. 716, 255 So.2d 599, 601, cert. denied, 255 So.2d 602
(Ala. 1971), the Alabama Supreme Court stated:
 "In our opinion, when a defendant, through his counsel, freely admits his conviction of a crime, unless he qualifies his admission, he admits all of the ingredients needed to prove the conviction of the crime."
See also, Burrell v. State, 429 So.2d 636 (Ala.Crim.App. 1982). In the instant case counsel qualified a 1979 conviction and that conviction was not used by the trial court for enhancement purposes. It was proper for the trial court to use this method of proving appellant's prior conviction for enhancement purposes. Rickett v. State, 440 So.2d 1203 (Ala.Crim.App. 1983). The trial court's sentence was within the range of punishment applicable to second-time D.U.I. offenders and therefore not within the province of this court to review.Daniels v. State, 437 So.2d 614 (Ala.Crim.App. 1983); Wallacev. State, 408 So.2d 171 (Ala.Crim.App. 1981), cert. denied,408 So.2d 173 (Ala. 1982).
We have reviewed the contentions of error raised by appellant and also searched the record and find no error prejudicial to the substantial rights of appellant. The judgment of the Montgomery Circuit Court is due to be, and is hereby, affirmed.
AFFIRMED.
All Judges concur.