PATTERSON, Judge.
Appellant, Harold Cagle, was arrested for driving under the influence of alcohol (D.U.I.) on December 5, 1984. See Ala. Code (1975), § 32-5A-191. Appellant was found guilty as charged on February 21, 1985, in Municipal Court of the City of Gadsden. An appeal was taken to the Circuit Court of Etowah County, and appellant was again found guilty as charged on June 6, 1985. This appeal followed.
The only issue raised on this appeal is whether the State sufficiently proved that appellant was in actual physical control of the vehicle he was alleged to have been driving. We will, therefore, discuss only that testimony which relates to actual physical control of the vehicle. The fact that appellant was intoxicated is not contested.
Officer Richard Herring of the Gadsden Police Department testified that he was dispatched to the scene of an accident, within the city limits of Gadsden, on December 5, 1984. When Herring arrived at the scene he saw “a Chevy pickup sitting against a power pole, and the power pole was cut in half.” Herring stated that he observed appellant in the pickup truck. No other witnesses were present when Herring arrived. Herring obtained “basic information” from appellant, but did not ask if appellant “was the driver of the truck.” Herring testified that appellant did not indicate that he was not the driver of the truck and appellant answered all the questions relative to Herring’s report. A wrecker was called to the scene, and the truck was towed away. Appellant was then placed under arrest.
The complaint filed against appellant alleges that he “did drive or was in actual physical control of a vehicle within the City of Gadsden” while under the influence of alcohol. There was absolutely no testimony that appellant actually drove the vehicle. The prosecution was therefore required to prove that appellant was in “actual physical control” of the vehicle in order to sustain the conviction. In Key v. Town of Kinsey, 424 So.2d 701, 703-04 (Ala.Crim.App.1982), the necessary elements to establish actual physical control were clearly set forth:
“1. Active or constructive possession of the vehicle’s ignition key by the person charged or, in the alternative, proof that *1144 such a key is not required for the vehicle’s operation;
“2. Position of the person charged in the driver’s seat, behind the steering wheel, and in such condition that, except for the intoxication, he or she is physically capable of starting the engine and causing the vehicle to move;
“3. A vehicle that is operable to some extent.”
See also Loftin v. City of Montgomery, 480 So.2d 603 (Ala.Crim.App.1985); Spann v. State, 440 So.2d 1224 (Ala.Crim.App.1983).
The prosecution wholly failed to prove the necessary elements of “actual physical control.” There was no testimony concerning the vehicle’s ignition key; whether it was in appellant’s possession or in the vehicle. There was no proof that a key was not required for the vehicle’s operation. Herring testified that appellant was in the vehicle, but he did not testify where in the vehicle appellant was located. There was also no testimony as to whether the vehicle was operable prior to or following the collision with the power pole. The prosecution’s evidence was insufficient to establish the elements of actual physical control. The City’s contention that there was sufficient circumstantial evidence to infer the elements of “actual physical control” is without merit. We find that the evidence was insufficient to exclude “every reasonable hypothesis except that of guilt.” Cumbo v. State, 368 So.2d 871, 874 (Ala.Crim.App.1978).
The judgment of the circuit court is therefore due to be, and is hereby, reversed and judgment rendered for the defendant. See Key v. Town of Kinsey, 424 So.2d at 704.
REVERSED AND JUDGMENT RENDERED.
All the Judges concur.