Defendant, Harold Cagle, was convicted of driving under the influence of alcohol, pursuant to Code of Alabama (1975), §32-5A-191, 495 So.2d 1142. The Court of Criminal Appeals set aside the conviction, finding that the prosecution failed to prove that the defendant had "actual physical control" over the vehicle, as is required by Key v. Town of Kinsey, 424 So.2d 701
(Ala.Crim.App. 1982).
We granted certiorari to review the test set forth in Key v.Town of Kinsey in light of the case before us.
In Alabama, there are two ways to prove that a person has been driving under the influence of alcohol. The first way is through direct evidence, such as the testimony of an eyewitness, normally the arresting officer. The second method is through the use of circumstantial evidence to prove that the person, although not actually seen driving the vehicle, had "actual physical control" over it. "Actual physical control" is defined in Key v. Town of Kinsey:
 "Actual physical control" is exclusive physical power, and present ability, to operate, move, park, or direct whatever use or non-use is to be made of the motor vehicle at the moment.
Id. at 703 (citation omitted.)
The Key case also sets forth the test for obtaining a conviction, through the use of circumstantial evidence, of driving under the influence of alcohol in Alabama. Those requirements which must be met are:
 1. Active or constructive possession of the vehicle's ignition key by the person charged or, in the alternative, proof that such a key is not required for the vehicle's operation;
 2. Position of the person charged in the driver's seat, behind the steering wheel, and in such condition that, except for the intoxication, he or she is physically capable of starting the engine and causing the vehicle to move;
3. A vehicle that is operable to some extent.
Id., at 703-04.
It is true that by using this test one can prove, through circumstantial evidence, that a person had been driving under the influence of alcohol; however, for the reasons that follow, we are of the opinion that this is too restrictive an approach, and that a more reasonable result would be attained by using a totality-of-the-circumstances test.
First, it is easy to envision a situation where a person has undoubtedly been drinking and driving but, because of the Key
test, could not be convicted. An example of this would be where a law enforcement officer pulls off the road to investigate a parked car on the shoulder. There is a steep embankment next to the shoulder of the road. The driver of the car, having pulled off the road for whatever reason, sees the officer and, without the officer's knowledge, tosses his car keys over the embankment before the officer approaches. The keys are not found. After testing the driver, the officer discovers that he has a blood alcohol content of .15%, which is well over the statutorily recognized intoxication level. According to the Key
case, this person could not be convicted because he did not have an ignition key with which to start the car. This would be an unjustified result, but one nonetheless mandated by the Key
case.
Avoidance of the second requirement of Key would be even easier and would cause an equally disturbing result. If a person who has been driving under the influence and who has pulled over to the side of the road is approached by a police officer, he only needs to slide over to the passenger *Page 1146 
side of the vehicle to avoid prosecution. Since he would not be found "in the driver's seat, behind the steering wheel," he could not be convicted of driving under the influence, according to the Key case.
We are of the opinion that in both of these hypothetical situations the result reached is untenable, especially in light of the strong policy behind legislative and judicial efforts to eliminate the drinking drivers from Alabama's highways. One need look no further for evidence of these efforts than the Key
case itself, wherein the Court of Criminal Appeals stated:
 The present law prohibiting driving under the influence is § 32-5A-191. This statute was preceded by § 32-5-170, Code of Alabama 1975, which was similar to the statute in the earlier 1940 Code, Title 36, § 2.
 These two earlier statutes prohibited "driving" while intoxicated (or "under the influence"), while the current statute provides that "A person shall not drive or be in actual physical control of any vehicle [while intoxicated]. . . . " (Emphasis added [in Key].) (Statutes cited supra.)
 The cases interpreting the earlier statute had established the rule that before an accused could be convicted of the offense, he must, at the time and place charged, have been driving while intoxicated. Gamble v. State, 36 Ala. App. 581, 60 So.2d 696
(1952).
424 So.2d at 702. Also informative is the legislative purpose of Code 1975, § 32-5A-191, which is found in the commentary immediately following the statute:
 The purpose of this section is not only to bring the law on driving while intoxicated in line with the most recent advances made in other states and to achieve something closer to uniform treatment with our sister states, but also to make the DWI statutes more enforceable and to do a better job of helping to identify the problem drinking driver and keep him off the highways.
In Key, the Court of Criminal Appeals discussed two cases from other jurisdictions:
 Other states have similarly worded statutes, and it is appropriate that we look to their experience in interpreting this wording under similar fact situations. The question presented is how "actual physical control" is distinguished from "driving or operating" a vehicle.
 In Arizona, a defendant was found drunk and asleep with his head and arms on the steering wheel of his truck, which was sitting in a traffic lane on the street with its lights on and motor running. As in the instant case, the state's DUI statute had recently been amended to include a prohibition against being in "actual physical control" of a vehicle while intoxicated. The court there said that the change in the statute was intended to broaden its coverage to include persons having control of a vehicle while not actually driving it or having it in motion. State of Arizona v. Webb, 78 Ariz. 8, 274 P.2d 338 (1954).
 The Arizona court in Webb stated that the defendant had, of his own choice, placed himself behind the wheel and had started the motor or allowed it to run, and therefore had physical control of the vehicle, although it remained motionless.
 An Ohio court, interpreting this same wording, affirmed a conviction in a case where the defendant had pulled over on the roadside, and was asleep with the motor running. In that opinion, the court defined "control" as the ability to "exercise directing influence over" and "the authority to manage." State of Ohio v. Wilgus, 31 Ohio Op. 443 (1945).
424 So.2d at 703. Those cases had facts similar to those in the case sub judice. Like the drivers in the cases from Arizona and Ohio, our defendant Cagle was found behind the wheel of a motor vehicle which obviously had just been driven. In this case, the truck was involved in an accident wherein it smashed into a power pole, cracking the pole in half. There was no evidence produced as to whether the defendant had possession of the car keys. *Page 1147 
Also, the defendant never admitted to having driven the truck into the power pole.
Based upon the facts in this case, we must determine whether the Court of Criminal Appeals was correct when it concluded that there was insufficient evidence upon which to base a conviction. When this Court is reviewing a conviction based upon circumstantial evidence, the question that must be answered is whether "the evidence adduced is consistent with guilt and inconsistent with any reasonable hypothesis that the [defendant] is innocent." Ex Parte Williams, 468 So.2d 99, 102
(Ala. 1985). Under the facts of this case, we are of the opinion that the State has failed to prove that the evidence is inconsistent with any reasonable hypothesis that the defendant is innocent.
Although we agree with the Court of Criminal Appeals' holding that the conviction is due to be set aside, we do not agree with the reason that court gave for doing so. As we have already stated, the test set forth in Key v. Town of Kinsey,supra, is too restrictive and should give way to a totality-of-the-circumstances approach. In this particular case, the result would be the same under either method — the conviction would be set aside. However, there will undoubtedly be cases wherein the facts would support a conviction under one test and would be insufficient to support a conviction using the other. This being the case, the stringent, three-pronged test set forth in Key v. Town of Kinsey is hereby abandoned, and in its place we adopt a totality-of-the-circumstances test. This is not to say that the factors which compose the test in the Key case are not to be considered when determining whether a person is guilty of driving under the influence, but that these are not the only factors to be considered.
Thus, the test to be used in DUI cases is to look at all of the surrounding circumstances to see if there is sufficient evidence to support the conclusion that the defendant was in "actual physical control" of the vehicle. Application of theKey method would, in our opinion, thwart the legislature's expressly stated purpose in modifying the statute.
For the above-stated reasons, the judgment of the Court of Criminal Appeals is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES, ALMON, SHORES, BEATTY, HOUSTON and STEAGALL, JJ., concur.