Leslie Howard Davis was convicted of driving under the influence of alcohol or narcotic drugs in violation of Alabama Code 1975, § 32-5A-191. Sentence was sixty days in the county jail.
 I
The district attorney's information charged that the defendant was operating a motor vehicle "while under the influence of intoxicating liquors or narcotic drugs." Contrary to the expressed opinion of the circuit judge, this information was not defective under Smith v. State, 435 So.2d 158
(Ala.Cr.App. 1983). In Smith, the information was fatally defective "because it [did] not specify whether the defendant was driving under the influence of alcohol, . . . under the influence of a controlled substance, . . . or under the combined influence of alcohol and a controlled substance." 435 So.2d at 158. In this case, the defendant was specifically charged with a violation under § 32-5A-191(a)(4). Consequently, the objection to the sufficiency of the information made at the close of the State's evidence was properly denied on its merits without regard to the timeliness of the objection.
 II
Section 32-5A-191 provides, in part, that "[a] person shall not drive or be in actual physical control of any vehicle" while under the influence of alcohol or a controlled substance. (Emphasis added.) The information charged that the defendant did "operate" a motor vehicle. The defendant argues that the State's evidence fails to show that he "operated" a vehicle but "tends to support a charge that he violated the 'actual physical control of a vehicle' portion of Section 32-5A-191." Appellant's brief, p. 8.
The general rule is that "[i]t seems clearly established that the term 'operating,' as used in statutes prohibiting the operation of a vehicle while intoxicated, is broader than the term 'driving.' " Annot., 93 A.L.R.3d 7, 16 (1979). InUnderwood v. State, 24 Ala. App. 191, 192, 132 So. 606 (1931), the appellate court noted, "There is no construction of the English language, with which we are familiar, to the effect that an *Page 1305 
automobile is being operated or driven, . . . when the entire evidence, without dispute or conflict, disclosed that the car was stationary during the entire time and was not moved or attempted to be moved." It appears that, in this state, the term "driving" is used interchangeably with "operating."Key v. Town of Kinsey, 424 So.2d 701, 703 (Ala.Cr.App. 1982) ("The question presented is how 'actual physical control' is distinguished from 'driving or operating' a vehicle.").
"Actual physical control" is defined as the "exclusive physical power, and present ability, to operate, move, park, or direct whatever use or non-use is to be made of the motor vehicle at the moment." Key, 424 So.2d at 703 (emphasis added). "Actual physical control" is determined by a totality-of-the-circumstances test. Cagle v. City of Gadsden,495 So.2d 1144 (Ala. 1986).
The question in this case is whether or not there is any evidence to show that the defendant was or had been operating his truck while under the influence of alcohol or narcotic drugs as charged in the information.
At approximately 11:00 on the night of January 17, 1986, Alabama State Trooper Neal English observed the defendant's pickup truck sitting in the emergency lane of an interstate highway. The lights of the truck were on. The defendant was sitting behind the steering wheel "obviously in the process of consuming a beer." His brother was sitting on the passenger's side of the truck also drinking beer. There were several beer cans scattered around the cab of the truck. The defendant told Trooper English that he had been drinking. English testified that the defendant told him that the oil light on the truck had come on and they had pulled over to let the engine cool. The defendant said that "both of them" had been driving.
The defendant had the very strong odor of beer on his breath, was "red-eyed," and his speech was "a little slow, a little slurred." Trooper English testified that he was "certain" that the defendant was intoxicated. The defendant's brother was "extremely intoxicated," "a lot" more so than the defendant. The defendant was arrested and taken to the county jail where he registered .12 percent on the photoelectric intoximeter.
Trooper English testified that, in his opinion, the defendant had been stranded "only a few minutes" and had not had time to drink very much after he and his brother stopped. He testified that he knew this "[b]asically from the reply I got from them. They had been traveling and stopping, traveling and stopping more than one time. Then the red light came on and the engine went off. The lights were on and the battery was not flat, not run down. * * * The headlights were on, fully on with the engine switched off and the battery was not run down. I don't think they had been there an extremely long period of time." Trooper English "cranked" the truck's engine, and, he said, "[I]t sounded like a normal running engine."
The defense was that the defendant had not been driving. Randy Davis, the defendant's brother, testified that he had been driving "the whole way," the eighty miles from Shelby County, and that the defendant had not driven at all. Randy testified the truck had to be "pulled" back to Shelby County because it was "tore up." He admitted that the truck had been running when he pulled it over in the emergency lane. Randy stated that his brother had had "five or six beers" and that he had had "four or five beers."
"When this Court is reviewing a conviction based upon circumstantial evidence, the question that must be answered is whether 'the evidence adduced is consistent with guilt and inconsistent with any reasonable hypothesis that the [defendant] is innocent.' Ex parte Williams, 468 So.2d 99, 102
(Ala. 1985)." Cagle v. City of Gadsden, 495 So.2d 1144, 1147
(Ala. 1986). Under the facts of this case, the State's evidence is inconsistent with any reasonable hypothesis that the defendant is innocent. These facts present a jury question. " '[It] is not every hypothesis, but every reasonable hypothesis but that of guilt, that the circumstantial evidence must exclude.' " Cumbo *Page 1306 v. State, 368 So.2d 871, 875 (Ala.Cr.App. 1978), cert. denied,Ex parte Cumbo, 368 So.2d 877 (Ala. 1979). "The test to be applied is whether the jury might reasonably find that the evidence excluded every reasonable hypothesis except that of guilt; not whether such evidence excludes every reasonable hypothesis but guilt, but whether a jury might reasonably so conclude." Cumbo, 368 So.2d at 874. See Dolvin v. State,391 So.2d 133 (Ala. 1980).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.