Gwendoline Newman McLaney was convicted of DUI in violation of Ala. Code 1975, § 32-5A-191(a)(2), and for driving with a suspended license, see § 32-6-19. She raises three issues on this appeal from those convictions.
 I.
The defendant argues that she could not be convicted for DUI because she was not observed driving and because her car was inoperable at the time of the alleged offense.
Two officers were on routine patrol when they heard a crash, looked across the street, and observed the defendant's automobile stuck on a wooden railroad "tie" in the middle of the service road. The defendant was trying to drive her car off the tie *Page 882 
by alternately placing the car in forward and reverse. The defendant had a blood-alcohol level of .264%.
In Key v. Town of Kinsey, 424 So.2d 701, 703-04 (Ala.Cr.App. 1982), this Court held that one of the elements of proving that a driver was in "actual physical control" of the vehicle was proof that the vehicle was "operable." However, the three-part test of Key was specifically rejected as "too restrictive an approach" in Cagle v. City of Gadsden, 495 So.2d 1144, 1145,1147 (Ala. 1986), which adopted a "totality-of-the-circumstances approach." See generally, Annot., 93 A.L.R.3d 7 (1979). Here, although no one testified that they actually observed the defendant driving the car, there was a wealth of circumstantial evidence that the defendant did in fact drive her car onto the wooden rail. In fact, Montgomery police corporal A.J. Pollard, one of the arresting officers, testified, "[F]rom the past experience that I do have, [the automobile] was driven on that rail. That's the only way it could have got there."
"In order to sustain a criminal conviction for DUI, positive, direct, or eyewitness testimony is not required." Moon v. Cityof Montgomery, 536 So.2d 139, 141 (Ala.Cr.App. 1988). See alsoBickerstaff v. State, 516 So.2d 800, 801 (Ala. 1987); Cagle,495 So.2d at 1147; Davis v. State, 505 So.2d 1303, 1305-06
(Ala.Cr.App. 1987).
 II.
The defendant argues that a person cannot be convicted for driving with a suspended license if the person was not observed actually driving. This argument ignores the fact that circumstantial evidence may be used to show that the defendant was driving.
"[A] well connected train of circumstances may be as cogent of the existence of a fact as any array of direct evidence."Desilvey v. State, 245 Ala. 163, 167, 16 So.2d 183, 186 (1943). "The guilt of the defendant may be proved by circumstantial evidence as well as by direct evidence." Ex parte Davis,548 So.2d 1041, 1044 (Ala. 1989).
 III.
Corporal Pollard testified over a "hearsay" objection that he heard his partner, Officer Homberg ask the defendant for her driver's license. Pollard testified that he heard the defendant respond that "she didn't have a driver's license."
The defendant's response was admissible as an exception to the rule against hearsay because it constitutes an admission. "[A]ny and every statement by an accused person, so far as not excluded by the doctrine of confessions . . . or by the privilege against self-incrimination . . . is usableagainst him as an admission. . . ." 6 Wigmore, Evidence § 1732 at 156 (Chadbourn rev. 1976) (emphasis in original). "The rule is that the acts, declarations, and demeanor of an accused, before or after an offense, whether a part of the res gestae or not, are admissible against him, but, unless a part of the res gestae, are not admissible for him." Shadle v. State, 280 Ala. 379,384, 194 So.2d 538, 542 (1967). "The general rule in this state relative to an accused is that 'the acts, declarations and conduct of the accused, against interest, are always competent.' . . . [A]mong the reasons why this is so insofar as declarations are concerned is that 'all that the accused voluntarily wrote or said which is material to the charge, is competent against him because it is his own admission and against his own interest.' " Blackwell v. State, 264 Ala. 553,557, 88 So.2d 347, 350 (1956). See Dennis v. Scarborough,360 So.2d 278, 280 (Ala. 1978); Malone v. Hanna, 275 Ala. 534, 536,156 So.2d 626, 628 (1963); Whiddon v. Malone, 220 Ala. 220,223, 124 So. 516, 518 (1929); C. Gamble, McElroy's AlabamaEvidence § 180.01 (3d ed. 1977).
The fact that Pollard "overheard" the defendant tell Officer Homberg that she did not have a driver's license did not render the statement inadmissible. Guenther v. State, 282 Ala. 620,623, 213 So.2d 679, 681 (1968), cert. denied, 393 U.S. 1107,89 S.Ct. 916, 21 L.Ed.2d 803 (1969) (inculpatory admissions overheard by police officers as defendant and his accomplice talked with each other in back seat of police automobile were admissible, as the admissions *Page 883 
were not induced by threat or promise operating to produce apprehension of harm or hope of favor). See also Cotton v.State, 87 Ala. 75, 78-79, 6 So. 396, 398 (1889) (testimony of the jailer as to what one of the defendants told his attorney concerning the case in the jailer's presence was properly admitted); Reeves v. State, 456 So.2d 1156, 1159 (Ala.Cr.App. 1984) (testimony by daughter of kidnapping victim concerning conversation she heard between victim and the defendant was admissible as part of the res gestae of the offense). Cf. Curryv. State, 506 So.2d 346, 349 (Ala.Cr.App. 1986) (state trooper's testimony concerning inspection of scales used to weigh defendant's truck was not hearsay where trooper was present when the inspection was made).
Neither at trial nor on appeal has the defendant argued that the evidence is insufficient to support her conviction for driving with a suspended driver's license because the City failed to prove that her license had been suspended. We have answered all the issues raised on appeal. The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.