The appellant was arrested for violation of §32-5A-191(a)(4) [sic], Code of Alabama (1975). He was found guilty in the district court of Blount County and sentenced to one year in jail with 180 days suspended. He also was order to pay a fine of $2,500.00 and court costs.
The appellant sought a trial de novo in the circuit court. He was charged in a solicitor's complaint with violating § 32-5A-191(a)(2), Code of Alabama (1975), operating a motor vehicle while driving under the influence of alcohol, which was amended to charge him with being in actual control of a motor vehicle while under the influence of alcohol. He was found guilty of the amended charge.
The trial court sentenced the appellant to 12 months in the county jail, fined him $2,500.00, and charged him with court costs. Upon payment of the fine and costs, all but 60 days of the sentence was to be suspended.
Following the sentencing, the court revoked the appellant's probation on a prior offense, reinstating the six months still to serve. His motion for retrial was thereafter denied.
According to the evidence presented by the State, a deputy sheriff was called to a residence in Blount County where he found the appellant sitting behind the wheel of an automobile with the engine running. The automobile was in a driveway, 15 to 20 feet off the roadway. The deputy turned off the engine and helped the appellant out of the car. He arrested the appellant for driving under the influence of alcohol.
The appellant denied that he was drunk and requested a breath test. The deputy took him to the city jail and administered a test. The result of the test, based on a deficient sample, indicated a .27% blood alcohol content.
The appellant, who chose to represent himself, did not testify and presented no witnesses.
 I.
The appellant contends that the trial court erred in instructing the jury, specifically: (1) by giving undue emphasis to the legislative "benchmark" of .10 percent alcohol as presumptive of "under the influence of alcohol," (2) by failing to instruct on the rebuttable nature of the statutory presumption, and (3) by failing to define "inadequate sample."
The record reveals the following responses from the prose appellant when the trial court asked for exceptions to the oral jury charge:
 "I think you are getting over the point of the law, other than what I'm arguing. I admitted to being public [sic] intoxicated, which I was. But I was not driving, and I wasn't on a public road."
 "The way you presented it to [the jury], it's though they are voting on whether or not I was driving or not. They are not really voting on that."
When the trial court judge asked him if he was saying, "Put it in the record [I take] exception to the Court charging the jury to the law and not the facts," the appellant responded, "That's right."
The objections by the appellant at trial did not preserve the issue of these allegedly erroneous jury charges for appeal. Specific objections or motions are generally necessary before the ruling of the trial judge is subject to review, unless the ground is so obvious that the trial court's failure to act constitutes prejudicial error. Ward v. State,376 So.2d 1112, 1115 (Ala.Cr.App. 1979). Furthermore, specific grounds for an objection stated at trial *Page 977 
waive all other grounds. Moore v. State,474 So.2d 190, 196 (Ala.Cr.App. 1985). The appellant's objections were general in nature or on the ground that the jury was not charged on the facts. Therefore, the issue of inadequate jury charge cannot be reviewed by this Court.
The appellant adds, at the end of his argument on the jury charge, an abbreviated argument that the trial court did not determine whether the appellant consented to the amendment of the complaint. However, because he did not object on that ground at trial, we cannot review the issue on appeal.
 II.
The appellant argues that his sentence was improperly enhanced by the use of a printout of citations to prove prior DUI convictions. However, the appellant made no objection when the prosecutor offered the evidence at trial. Review on appeal of a criminal case is limited to review of questions properly and timely raised at trial. Dixon v. State,476 So.2d 1236, 1238 (Ala.Cr.App. 1985). The issue of adequacy of a printout of citations to prove prior convictions was not preserved and cannot be reviewed on appeal.
 III.
The appellant argues that the trial court erred in revoking his prior probationary status from a previous DUI when sentencing him pursuant to the present offense. He argues that this revocation was contrary to § 15-22-54, Code ofAlabama (1975), in that he was not given adequate notice or reasonable time to employ counsel. He moreover argues that no warrant existed, no arrest was made, and no written statement of the probation officer existed and, therefore, no jurisdiction was ever acquired by the trial court. However, the record indicates that the appellant had chosen to represent himself at trial. After he was convicted, he appeared before the trial court for sentencing. The trial court noted that the appellant had been sentenced in district court to 180 days and fined $2,500. This sentence was entered because the State had proved two prior convictions of DUI's by the appellant within the past five years. The trial court initially stated that his sentencing was going to mirror that of the district court. He then added that, because the appellant was still serving his probationary period from a prior DUI when he committed the instant offense, he was revoking that probation. The probation officer, who was present during sentencing, informed the trial court that he did not supervise the appellant's probation and noted that the appellant's probation, as a DUI offender, had been unsupervised. Therefore, the trial court informed the appellant that he would have to serve the six months of probation remaining in the prior case. The trial court stated:
 "But on probationary matters, when the evidence is presented to the Judge, it is discretionary with the Judge. Now you can appeal that order too, but still you would still be — I'm going to put you in the custody of the Sheriff pending that. The reason I'm revoking that, I heard the evidence, what you were charged with, you were on probation. I heard the evidence of that. We have a record on it. The jury could have turned you loose. If I was convinced that you had, in fact, violated your probation by driving while intoxicated, or being in possession of an automobile while intoxicated, I could still revoke you even though the jury would have found you not guilty."
The trial court clearly had jurisdiction over the appellant, as the sentencing judge in the instant offense, as well as apparently having been the judge who had presided over the appellant's prior conviction. The trial court heard all of the evidence presented against the appellant and, as noted by the trial court, a conviction is not a prerequisite to the revocation of probation. See Free v. State,392 So.2d 857, 859 (Ala.Cr.App. 1980), cert. denied, 392 So.2d 859 (Ala. 1981). The appellant did not present any witnesses and did not take the stand. The appellant's defense was that he was apprehended while parked in someone's driveway and was not driving at the *Page 978 
time of arrest. However, the appellant was found behind the steering wheel and, as the trial court explained to the appellant, it was not necessary for him to be actually driving in order to be convicted of being in control of the automobile.[1]
Section 15-22-54, Code of Alabama (1975), sets out the prerequisites for the arrest of the appellant, the report of the arrest to the court, and the hearing at which time the court may revoke the probation. In the present case, the appellant was clearly under arrest as he was undergoing trial for the offense. Moreover, "[t]o remand this case for a revocation hearing would accomplish nothing." Connor v.State, 447 So.2d 860 (Ala.Cr.App. 1984). Thus, inConnor v. State, supra, where the trial court revoked the defendant's probation on a prior conviction, following the trial of the present offense, this court held that a remand for a revocation hearing was unnecessary.
 "Armstrong [v. State, 294 Ala. 100, 312 So.2d 620 (1975)] is grounded on Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), which held that parole revocation requires 'an informal hearing structured to assure that the finding of a parole violation will be based on verified facts and that the exercise of discretion will be informed by an accurate knowledge of the parolee's behavior.' 408 U.S. at 484, 92 S.Ct. at 2601. The principles outlined in Morrissey were applied to probation revocation hearings by Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).
 "Here, we find substantial compliance with Armstrong. Instead of having a probation revocation hearing at which the court would not be bound by strict rules of evidence and the State's evidence need only reasonably satisfy the trial judge [the defendant] was tried on the indictment for the criminal offense which was the basis of the delinquency report. This was more than due process requires to revoke his probation. '[N]either our statute, . . . nor the Constitution requires a final conviction of probationer on the offense charged before his probation may be revoked.' Free v. State, 392 So.2d 857, 859 (Ala.Cr.App. 1980), cert. denied, Ex parte Free, 392 So.2d 859 (Ala. 1981).
 "In Moss v. Patterson, 555 F.2d 137
(6th Cir.), cert. denied sub nom. Kette v. Moss, 434 U.S. 873, 98 S.Ct. 221, 54 L.Ed.2d 153 (1977), the appellant's parole was revoked after he pleaded guilty to several charges. The 6th Circuit Court of Appeals reversed on the grounds that the appellant was not given an opportunity to present evidence in mitigation as required by Morrissey, supra. The situation in the present case, however, is markedly different. [The defendant] did not plead guilty to the burglary charge. He was given a full trial and could have presented evidence in his defense or as mitigation. . . .
 "To remand this case for a revocation hearing would accomplish nothing. It would not provide [the defendant] with any right or opportunity to exercise any right which he had not already had, such as an opportunity to present evidence in mitigation. Under the facts of this case, we find that the manner in which Connor's probation was revoked did not violate the fundamental fairness guarantee of due process."
Connor v. State, supra, at 862.
We further note that the appellant does not argue on appeal the trial court's apparent failure to make a written statement or report concerning his reasons for revoking the probation. Therefore, this matter is not addressed.
AFFIRMED.
All Judges concur.
[1] The appellant registered .27 when given a blood alcohol test. *Page 979